1844.

—————

West
v.
Mayor, &c. of
New-York.

—————————

WEST and others *vs.* THE MAYOR, &c. OF THE CITY OF NEW-YORK.

Where a bill was filed to restrain the corporation of the city of New-York from prosecuting suits against the complainant for breaches of the ordinances of the corporation relative to the weighing of anthracite coal; *Held*, that the question of the validity of these ordinances did not properly belong to the court of chancery for decision, as the complainant had a perfect defence at law if the ordinances were invalid, or if they did not render the complainant liable for the penalty.

The court of chancery will not grant an injunction to protect a party against a multiplicity of suits, until his right to such protection has been established by a successful defence at law in some of the suits.

Bills of peace have been sustained by the court, to settle the rights of parties in a single suit, in cases where the questions to be determined were questions of fact, or mixed questions of law and fact. But no such bill can be sustained to restrain a defendant from suing at law, where the rights of the parties depend upon a question of law merely, and where the defendant in the suit at law must eventually succeed in his defence, without the aid of the court of chancery, if the law is in his favor.

THIS was an application, by the defendants, for the dissolution of an injunction granted by the late injunction master of the first circuit, restraining the defendants from prosecuting suits against the complainants, or their agents, cartmen, or servants, for breaches of the corporation ordinances relative to the weighing of anthracite coal in the city of New-York.

January 16.

*L. H. Sandford*, for the complainants.

*P. A. Cowdrey*, for the defendants.

THE CHANCELLOR. The question as to the validity of the corporation ordinances does not properly belong to this court for decision ; where the complainants, as in this case,

1844.

West
v.
Mayor, &c. of
New-York.

have a perfect defence at law if the ordinances are invalid, or if they do not render the complainants, or those in their employ, liable for the penalty. And it would be an usurpation of jurisdiction by this court if it should draw to itself the settlement of such questions when their decision was not necessary in the discharge of the legitimate duties of the court. In the case of *Oakley* v. *The Mayor, &c. of New-York*, decided in April, 1840, which was a bill for an injunction to restrain the prosecution of suits at law under the market ordinances, I decided that if the objections to the legality of those ordinances were well taken, the complainant had a perfect defence at law. And that this court would not grant an injunction to protect him against a multiplicity of suits, until his right to such protection had been established by a successful defence at law in some of the suits. (*See Eldridge* v. *Hill*, 2 *John. Ch. Rep.* 281.) In the present case the complainants' bill does not show that they have established their right at law ; but on the contrary it is distinctly stated in the bill that in some of the suits which have been commenced the decision has been adverse to the complainants, and that the other suits have not yet been decided. It is true they complain that in those cases the court decided the law against them, and did not submit the legality of the ordinances to the jury to be decided as a matter of fact ; and that they intend to carry the question as to such legality before a higher tribunal for a decision. But neither of those circumstances can give jurisdiction to this court to interfere, before the right of the complainants is established by such higher tribunal. And if they are successful there, it is not probable that the interference of this court will be necessary.

The cases referred to by the counsel for the complainants on the argument, where bills of peace have been sustained, by the court of chancery, to settle the rights of parties in a single suit brought under the direction of the court, are cases as to rights of common, or of fishery, &c. where the questions to be determined are questions of fact, or are mixed questions of law and fact. But I am not aware of any case

in which this court has sustained such a bill, to prevent the defendant from suing at law, where the rights of the parties depended upon a question of law merely; and where the defendant in the suit at law must eventually succeed, without the aid of this court, if the law was in his favor. The bill in the present case cannot therefore be sustained for any purpose. And the injunction must be dissolved, so far as it was not dissolved upon the argument, with costs to the defendants.