BENJAMIN POYER

v.

VILLAGE OF DES PLAINES ET AL.

1. CHANCERY—RESTRAINING PROSECUTIONS UNDER ORDINANCES.—As
a general rule, a bill in equity will not lie to restrain prosecutions under a
municipal ordinance upon the mere ground of alleged illegality of such ordi-
nance.

2. BILL TO RESTRAIN PROSECUTION UNDER ALLEGED ILLEGAL ORDI-
NANCE.—Where some of the provisions of an ordinance as to the holding of
public picnics were of questionable validity and others were undoubtedly
valid, and seven suits having been brought against a person for a violation of
such ordinance, he filed a bill in equity against the village and its officers to
restrain them from further prosecution until the validity of the ordinance
could be determined at law, and the bill failed to show that the prosecutions
which had been instituted or which were threatened, were not prosecutions
under the valid portion of the ordinance and contained only a general alle-
gation of irreparable injury without stating the facts and circumstances to
show it, *held*, that the action of the court below in sustaining the demur-
rer to such bill, dismissing the bill and dissolving the temporary injunction
which had been obtained, was proper.

APPEAL from the Circuit Court of Cook county; the Hon.
THOMAS A. MORAN, Judge, presiding.   Opinion filed June 19,
1886.

This is an appeal from the decree of the court below, sus-
taining a demurrer to dismissing the bill of appellant, dissolving
a temporary injunction which he had obtained, and assessing
damages for the wrongful suing out of such injunction. The
bill was brought by Poyer, the appellant, against the village

of Des Plaines, S. Garland and August Moldenhauer, the latter being a justice of the peace of said village, to restrain them and each of them from prosecuting him, under a certain ordinance of said village, for the repression of public picnics and open air dances in said village, and from interfering with him in his business of having public picnics on his grounds in said village on the ground that said ordinance is unconstitutional and void. The ordinance in question was passed and approved May 10, 1883, and is as follows:

"Section 1. That all public picnics and open air dances within the limits of said village are hereby declared to be nuisances.

Section 2. That for any person or persons to rent, use or allow to be used, any yard, ground, grove or other real estate within the corporate limits of the village of Des Plaines for public picnic purposes or to permit or in any way allow the use of such property for any. purpose, by which disorderly persons are gathered in or about said village of Des Plaines shall constitute and is hereby declared to be a nuisance; any person creating or permitting any nuisance mentioned and declared in this ordinance to exist, having the right or power to abate the same, shall be subject to a fine of not less than fifty dollars and not exceeding one hundred dollars in every case; and such renting or using or allowing to be used of any such premises for the purposes aforesaid, or any of them, shall be deemed the creating of a nuisance, and the author thereof be subject to a like fine."

The bill alleges the bringing of seven suits against him under said ordinance, but does not show what disposition was made of them, and that defendants had threatened to bring others. It sets out the bringing of another which was tried before said justice, Moldenhauer, and a jury, wherein he was found guilty, fined fifty dollars, and took an appeal to the criminal court, where the case is still pending ; and prays that defendants may be restrained from further prosecutions, until the validity of said ordinance can be determined at law. The bill alleges by way of showing irreparable injury, that if the ordinance should be adjudged void, said village would not be

legally liable to him for his damages, but there is no allegation that the other defendants or the municipal officers participating in the enforcement of the ordinance, are any of them insolvent. Although the plaintiff alleges in general terms irreparable damage, yet he sets out no facts or circumstances in support of the allegation.

Mr. JOHN GIBBONS, for appellant; cited Third Ave. R. R. Co. v. Mayor, 54 N. Y. 159; Butler's Appeal, 73 Pa. St. 448 ; Mayor v. Radecke, 49 Md. 217 ; Mayor v. Pilkington, 2 Atk. 302 ; Frewin v. Lewis, 4 M. & C. 249; Wood v. City of Brooklyn, 14 Barb. 425.

As to irreparable injury: Wahle v. Reinbach, 76 Ill. 322 ; Owens v. Cross, 105 Ill. 354 ; Hamilton v. Stewart, 59 Ill. 330 ; Met. City Ry. Co. v. Chicago, 96 Ill. 620; Goodell v. Lassen, 69 Ill. 145.

Messrs. STILES & LEWIS and Mr. C. S. CUTTING, for appellee ; that a court of equity has no jurisdiction to restrain the enforcement of a penal ordinance on the ground that it is illegal and void, cited Yates v. Village of Batavia, 79 Ill. 500 ; Phillips v. Stone Mountain, 61 Geo. 386 ; Garrison v. City of Atlanta, 68 Geo. 64 ; Pierce v. City of Little Rock, 39 Ark. 412 ; Medical, etc., Institute v. Hot Springs, 34 Ark. 559 ; Burnett v. Craig, 30 Ala. 135 ; Cohen v. Goldsboro, 77 N. C. 2; Devren v. First Municipality, 4 La. An. 11 ; Levy v. City of Shreveport, 27 La. An. 620 ; Gaertner v. Fond du Lac, 34 Wis. 497 ; Torpedo Co. v. Clarendon, 19 Fed. R. 231.

·MCALLISTER, J. There is no claim made by the bill, that the ordinance in question was not enacted by the proper authority of the village of Des Plaines, or that the subject-matter of it was not within the scope of the police powers conferred upon that corporation. While some of the provisions of the ordinance may be of questionable validity, there are others, which seem to us to be undoubtedly valid. The bill fails to show that the prosecutions which have been instituted, or which are threatened, were not prosecutions under

Poyer v. Village of Des Plaines.

the valid portion of said ordinance. It attempts to show instead, that the plaintiff below was not, in fact, guilty of having public picnics on his grounds of such a character as that disorderly persons would be gathered in and about said village, and that therefore he had not violated that portion of the ordinance, which we think can not be successfully assailed. The question whether or not plaintiff had been guilty of such violation, can not be withdrawn from the courts of law into a court of equity for determination. It would be against fundamental principles to do so. Davis et al. v. American Society et al., 75 New York, 362. In that case, the defendants, whom the plaintiffs sought to have restrained from enforcing a penal or criminal law, were acting under a statute which the court held to be valid, but the plaintiffs placed their right to relief on the ground, among others, that they had not, in fact, violated the statute. But the Court of Appeals held that to be no ground for relief, because the only proper tribunal for the determination of that question was a common law court and a jury. In that case, counsel for the plaintiffs cited the case of Wood v. The City of Brooklyn, 14 Barbour, 425, which has been relied on by counsel for appellant in the case at bar. And the Court of Appeals made one distinction betweeen the case in Barbour and that in Davis et al. v. American Society, *supra*, which will be found to exist between it and the case at bar. It was this: that in the latter the statute was valid; but in the case of Wood v. City of Brooklyn, the ordinance, so far as it applied to Wood and his business, was wholly void. He had a license under the statute of the State, as an inn keeper, which authorized him to sell intoxicating liquors on Sunday to his guests and to travelers.

The city of Brooklyn passed an ordinance so general in terms as to prohibit even inn keepers duly licensed under the State law from selling to their guests. Wood having a vested right under his license to sell to his guests, and the city of Brooklyn being by statute without authority to pass so unqualified an ordinance, the latter was held void so far as Wood was concerned. His case presented special circumstances. He was intruded upon by the police, arrested on Sunday,

locked up without the privilege of bail, and tried summarily, without jury, on Monday, although he applied for jury trial. He showed, by facts and circumstances, a clear case of irreparable injury. There are two distinguishing features between that case and the one at bar. First, in the former the ordinance, so far as it related to the class of persons to whom Wood belonged, was unauthorized by law and void. Secondly, irreparable injury was shown by facts and circumstances in a peculiar degree. In the case at bar, a part of the ordinance, and applicable to plaintiff's business and conduct, was legal and valid. But plaintiff avers that he did not violate that part. Thirdly, the bill here contains only a general allegation of irreparable injury, without stating the facts and circumstances to show it. Such general allegation is not sufficient in such a case. Johnson v. Kier, 3 Pittsburgh R. 204 ; Amelung v. Seekamp, 9 Gill & J. 468 ; 1 High on Inj., § 34.

There is no allegation that the persons charged with the instituting or carrying on the prosecution under the ordinance were, or any of them, insolvents. Davis v. American Society, etc., 6 Daly, 85.

It is a general rule, supported by the prevailing current of authority, that a bill in equity will not lie to restrain prosecution under a municipal ordinance, upon the mere ground of alleged illegality of such ordinance. And the reason is obvious. The party prosecuted has a complete remedy at law. He can avail of such illegality as a legal defense in the respective prosecutions. If his rights of person or property are infringed by such prosecutions, he has his action at law against any person participating in the act. Yates v. The Village of Batavia, 79 Ill. 500; West v. The Mayor, etc., of New York, 10 Paige, 539; 2 High on Inj., § 1244, and cases cited in notes. Kerr v. Corporation of Preston, 6 L. R. Ch. Div. 463; Saull v. Brown, 10.

But the counsel for appellant cites the case of Third Avenue R. R. Co. v. The Mayor, etc., of New York, 54 N. Y. 159, and insists that that case establishes a qualification of the above rules and is an authority in support of the bill in the case at bar. That case was decided upon a ground, and upon a principle

Poyer v. Village of Des Plaines.

wholly wanting here, and, in our opinion, leaves the general rules above stated as unaffected. Every case of a bill for an injunction, which is an application addressed to the sound discretion of the chancellor, must depend upon the particular facts and circumstances set out. Now, in the case last cited, seventy-seven suits had been commenced at the same time, by the corporation of New York, in a justice's court, against the railroad company, for an alleged violation of a municipal ordinance, whose validity the latter assailed. The railroad company applied to the court of equity to restrain the city from prosecuting all but one of said suits, until the validity of the ordinance could be tested at law. The bill was demurred to, and, at special term, the demurrer was overruled and judgment went for plaintiff, from which the city took an appeal to the Court of Appeals, where the judgment below was affirmed. The decision of the case, as we understand it, was placed upon the ground that if the seventy-seven suits had been brought in a court of record, the law would entitle the railroad company to ask for and have them all consolidated, since the circumstances would bring them within the rule for consolidation. But, having been brought in a justice's court, which had no power to effect such consolidation, the defendant was thus deprived of the right, and subjected to unnecessary expense and vexation thereby. The court regarded the application to a court of equity, as simply to secure to the defendant, in such suits, the same result or benefit to which it would have been entitled as a matter of course, if the suits had been brought in a court of record; and, in that view, that case was distinguishable from West v. Mayor, etc., 10 Paige, 539. We can perceive no application that can be made of that case to the one in hand. No such element or circumstances exist here.

We are of the opinion that the decree of the court below sustaining the demurrer to the bill was right; and, perceiving no error in the matter of the assessment of damages on dissolution of the temporary injunction, the decree will, in all respects, be affirmed.

Affirmed.

Moran, J., took no part in the decision of the case.