Moore, J.
This action was brought by the several plaintiffs named, uniting to enjoin the village of Van Wert, the mayor and marshal, from enforcing what is known as an ordinance to prohibit the keeping of a place for the sale of intoxicating liquors within the limits of the corporation.
The petition is very full in its averments :
First — That the plaintiffs are severally engaged in the business of retail dealers in intoxicating liquors in the village of 'Van Wert, and had each paid to the government of the United .States twenty-five dollars, as required.
*546 Second — That they each were charged with the payment of $250 under an act of the General Assembly of Ohio, known as the “ Dow Law.” That each had paid one-half of said tax, and the residue remained charged to them upon the tax duplicate of the county of Van Wert, for collection.
Third — That the business in which they were each engaged was reasonably profitable, affording support for themselves and families.
Fourth — That on the 10th day of August, 1888, the village of Van Wert, by its council, passed an ordinance as follows
AN ORDINANCE
To prohibit ale, beer and porter houses, and other places where intoxicating liquors cure sold at retail, in the village of Van Wert, Ohio.
Section 1. Be it ordained by the Council of the-Village of Van Wert, Ohio, that it shall be unlawful for any person or persons to open, establish or keep within the limits of said village, any shop, room, booth, arbor or other place, wherein, ale, beer, porter or any other intoxicationg liquors are sold at retail, for any purpose or in any quantity, otherwise than upon prescription issued in good faith by reputable physicians in active practice, or for exclusively known mechanical,, pharmaceutical or sacramental purposes, but this section shall not be so construed as to apply to the manufacture of intoxicating liquors from the raw material and the sale thereof' at the manufactory by the manufacturer of the same, in quantities of one gallon or more at a time.
Sec. 2. It shall be unlawful for any person or persons keeping a place in said village, wherein intoxicating liquors are sold, but not in violation of section one of this ordinance, to-make sales of such liquors for any purpose, without keeping a record of each sale made in a book kept for that purpose,, wherein he shall enter at the time such sale is made, the date-of such sale, the quality and kind of liquors sold, to whom sold, and when on the .prescription of a physician, the name of the physician furnishing the same, and shall date and file such prescriptions, and shall not sell or furnish intoxicating liquors more than once a day on any one prescription; and-when not sold on the prescription of a physician, said record shall show whether said sale was made for mechanical, pharmaceutical or sacramental purposes, and such record and all such prescriptions of physicians, shall at all reasonable times be subject to inspection by any interested person or persons.
*547 Sec. 3. Any shift or device used by any person or persons2 to sell intoxicating liquors contrary to the provisions of this-ordinance, shall be held to be a violation of the same, and to-subject the person thus offending to the penalties thereof.
Sec. 4. Any person or persons violating any of the provisions of this ordinance, shall, upon conviction thereof, for the first offense be fined not less than twenty-five dollars nor more than fifty dollars, and for each repetition of such offense,., such person or persons shall be fined not less than fifty dollars-nor more than one hundred dollars, and in each case the party so convicted shall pay the costs of his prosecution, and shall stand committed until such fine and costs are paid, or securedf to be paid within thirty days.
Sec. 5. Every sale in violation of any provision of this: ordinance, shall be deemed and held to be a separate and distinct offense under this ordinance.
Sec. 6. All ordinances and parts of ordinances in conflict with this ordinance, are hereby repealed.
Sec. 7. This ordinance shall take effect and be in force on and after the 1st day of September, A. D. 1888.
Passed August 10th, 1888.
J. O. Browder, Mayor.
F. L. Webster, Qlerhpro tem.
Fifth —That the said defendants are about to enforce the ordinance by causing to be arrested each of the said plaintiffs,, and have imposed the fines and penalties provided. And the further averments in that particular I will read :
“ The said defendants are about to cause these plaintiffs to-receive the treatment due criminals, and to ruin and break up and destroy the business of these plaintiffs, and each of them, and to put them to great expense, trouble, loss of time- and great outlays of money to defend themselves against arrests and prosecutions under the provisions of said ordinance,, and destroy their property and business and credit, etc.”
It is then averred—
First — That section 1st, 2nd, 3rd, 4th and 5th are in conflict-with the statute referred to, conferring power on municipal corporations, and are illegal and void. ■
Second — That the 2nd, 3rd, 4th and 5th sections are in conflict with the latter clause of section 9 of the bill of rights of' the constitution of Ohio.
Third — That the said 1st, 2nd, 3rd, 4th and 5th sections of the said ordinance and that part of section 11 of the Dow law *548 conferring power on municipal corporations to pass the ordinance in question are in conflict with section 18 of the .■schedule of the constitution of Ohio.
Other and full averments are made in substance and import with those recited and to the effect that the ordinance in ■ question is in conflict with the constitution of the United ■ States, of the State of Ohio, and with the legislative enactment granting the power, and is therefore illegal and void ; and which for the purpose of this opinion it is unnecessary •to recite further.
The prayer of the petition is “ to restrain the defendants .•from doing any of the things threatened, and from attempting -to enforce the ordinance.”
To the petition the defendants have demurred :
First — Because there is a misjoinder of parties plaintiff.
Second — Because the said petition does not state facts sufficient to constitute a cause of action.
The plaintiffs do not aver that they, or either of them, have ever been arrested, or that any proceedings have ever been instituted against them or either of them, nor that their right, or that of either of them, has ever been determined at law.
It will also be noticed that the ordinance, although it purports to be one to prohibit ale, beer and porter houses and other places where intoxicating liquors are sold at retail, in the village of Van Wert, does not declare them a nuisance and provide for closing them up, but does punish by fine only, with the provision to imprison if the fine is not paid or secured to be paid as one of the measures resorted to for enforcing the penalty.
And the violation of the ordinance consists in making the sales of liquor, as provided in section 5.
No property rights are interfered with beyond the amount ■to be assessed as the penalty for a violation of the ordinance.
Let us look for a moment at the result of the injunction, if granted.
The village, through its legislative department, has performed its functions by passing the ordinance. Any citizen may use his name in invoking the action of thé mayor, first, *549 as a ministerial officer to issue his warrant, and second, as a-judicial officer to hear and determine as to his complaint made.
The marshal is required to serve writs or warrants issued by the mayor, and all that could be accomplished in this proceeding would be to enjoin the mayor from issuing his process- and the marshal from serving it.
The mayor has not yet judicially passed upon the validity of the ordinance, and are we to assume that he will hold it valid' if invalid? And if so, the right to prosecute error would furnish an adequate remedy at law. The very tribunals, whose equity jurisdiction is now sought, could be appealed to and have the-right of each defendant determined at law.
If the ordinance is held to be invalid at law, we can hardly assume that the mayor would any longer entertain jurisdiction of prosecutions under it, but would bow with cheerful obedience to the rulings of the higher court. If he failed to do so, equity could be resorted to, to avoid a multiplicity of suits,, and the expenses and annoyances attending them, That the-remedy now sought in equity exists so clearly at law, in a defense to a prosecution, it seems hardly necessary to comment', upon it, and that equity will not interfere until the right of the party is established at law, is equally well settled.
High on Injunction treats so fully upon this subject that a reference to it is all that is necessary to sustain the position taken. The author says :
“ It necessarily follows from the doctrines as above stated and illustrated that when municipal ordinances have been enacted by the proper authority, proceedings on the part of municipal officers for their enforcement, as by suits, arrests, or fines, will not be enjoined merely because of the alleged-illegality of the ordinances, or for the purpose of awaiting a determination of the question of their validity, when the person aggrieved may have a full and adequate remedy at law.
“ A court of equity will not, therefore, interfere by injunction to restrain municipal officers from prosecuting suits against-complainants, or from interfering with their business because-of their violation of municipal ordinances which are alleged-to be illegal, since the question of the validity of such ordinances does not properly pertain to a court of equity when- *550 ■complainants have a perfect remedy at law, if the ordinances are invalid, by an action to recover damages for the injury sustained. * * * Nor will an action for an injunction be entertained to test the au thority of the mayor of a city to arrest and fine complainants for carrying on a business m contravention ■of the city ordinances, and to test the legality of such ordinances, the proper remedy being by appeal from the judgments imposing the penalties prescribed by the ordinances. And an injunction will not be granted to restrain the prosecution of suits before justices of the peace for violations of ■city ordinances, when complainant can test the legality and validity of the ordinance by a direct appeal from the decision cf the justice.”
Alexander & Darnell, E. Beers, for plaintiffs.
.Saltzgaber & Glenn and Sweet & Wells, for defendants.
See also: West v. Mayor. 10 Paige, 539: Devor v. First Municipality, 4 La. An. 629; Eldrige v. Hill, 2 John. Ch. Rep. 281.
We are also of opinion that there is a misjoinder of parties plaintiff. No such community of interest exists as is contemplated in the statute. There may be a common purpose in view — but that is not sufficient. It is a matter of no concera to the plaintiff Arnold if either of his co-plaintiffs, Thomas Noble or Fritz Berger, is fined twenty-five dollars, etc. He cannot be compelled to pay it — or be imprisoned for its nonpayment.
The court desires it to be expressly understood that we by this opinion do not hold the ordinance valid. We are not determining the legality of the act. The time to pass upon that will arise when it is presented in an action at law, or when a court of equity is called upon to interfere after the right of the party is established at law. “ Sufficient unto the day is the evil thereof.”
The demurrer to the petition is sustainedand cause dismissed.
Seney and Beer, JJ., concur.