# CHARLESTON

## BLOCK *v.* CROCKETT.

Submitted January 22, 1907.     Decided March 5, 1907.

1. INJUNCTION—*Illegal Ordinances—Restraining Enforcement.*
   Equity will not, as a general rule, interfere by injunction with criminal proceedings; but when a statute or municipal ordinance has once been declared illegal by a court of law of competent jurisdiction, and other prosecutions thereunder are begun or threatened which will result injuriously to one in the enjoyment of his civil rights of property in which he is protected by general law, equity will interfere by injunction to restrain the same. (p. 422.)

2. SUNDAY—*Regulation of Labor—Exemptions.*
   Municipal ordinances of the city of Bluefield, passed pursuant to section 49 of its amended charter, chapter 3, acts of the legislature of 1905, giving authority to said city to prohibit the doing of any regular business on the Sabbath day except works of necessity, and to impose fines and penalties for the violation of any such regulation, and which make it unlawful for any person on the Sabbath day to be found laboring at any trade or calling, or to open his shop or store on the Sabbath day for the purpose of selling or disposing of any articles of merchandise, and which ordinances do not exempt from the penalties imposed for such labor the persons and corporations as prescribed by section 17, chapter 149, Code, are illegal and void. (p. 423.)

Appeal from Circuit Court, Mercer County.

Bill by B. S. Block against Joseph E. Crockett, recorder. Decree for defendant, and plaintiff appeals.

*Reversed.*

HAROLD A. RITZ and DAVID E. JOHNSTON, for appellant.

MILLER, JUDGE:

The charter of the city of Bluefield as amended by chapter 3 of the acts of the legislature of 1905, repealing all acts and provisions inconsistent therewith, but not taking away any powers of the city, the council, or any of its officers, conferred by general law, except so far as the same may be inconsistent with the powers thereby conferred, by section 49 thereof provides, among other things, that "said council shall have authority to prohibit the doing of any regular business on the Sabbath day except works of necessity, and may impose reasonable fines and penalties for the violation of any such regulation." Pursuant to this provision of the charter the council on March 27, 1905, ordained the following: First: "It shall be unlawful for any person on the Sabbath day to be found laboring at any trade or calling, or employ his minor children, apprentices or servants in labor or other business, except in household or other work of necessity or charity. Any person violating the provisions of this ordinance shall upon conviction be fined in the sum of not less than $5.00 for each offense." Second: "It shall be unlawful for any person to open his shop or store on the Sabbath day for the purpose of selling or disposing of any article of merchandise. Any person violating the provisions of this ordinance shall upon conviction thereof be fined in the sum of not less than $2.00, and not more than $25.00."

After the adoption of said ordinances, on April 24, 1905, the appellant was arrested on two warrants issued by the defendant, Joseph E. Crockett, recorder of said city, charging him with violations of each of said ordinances. He was tried thereon, and found guilty of each offense inhibited, and fined as prescribed thereby; and from the judgments of the recorder he appealed to the criminal court of Mercer county, being required by the recorder (as a condition of granting said appeals and of maintaining his liberty) to deposit with the recorder the amount of the fines and costs, aggregating $43.60, which was done. Pending these appeals in the crim-

inal court, and before any trial thereof, the appellant obtained from the judge of the circuit court a writ of prohibition against the Hon. Hugh G. Wood, judge of the criminal court, prohibiting him from proceeding to try the appellant on said appeals, which writ on final hearing on May 23, 1905, the circuit court made absolute, and adjudged the ordinances aforesaid upon which said prosecutions were founded void and invalid.

The bill charges that the plaintiff is a citizen and has for several years been a resident of the city of Bluefield, and has been employed in the business of merchandising; that, being a Hebrew, he is a person who conscientiously believes the seventh day of the week ought to be observed as the Sabbath, and that he so observes the said seventh day, and "actually refrains from all secular business and labor on that day, and does not compel any apprentice or servant of his, not of his belief, to do secular work or business on Sunday, and does not disturb any other person in his observance of same;" that, regardless of the judgment of the circuit court thereon that said ordinances are void and invalid, and which he charges are in fact invalid, the defendant, Joseph E. Crockett, recorder, threatens and declares his purpose to issue other warrants against the plaintiff and have him arrested if he again opens his store for business on Sunday, and which it is his purpose to do unless restrained and inhibited therefrom, and thereby to break up and destroy the plaintiff's business by which he earns a livelihood, and to impoverish him, and from which he will suffer irreparable injury. The grounds alleged in the bill for the charge that said ordinances are invalid are that they are not only violative of the Constitution of the state, but are repugnant to section 17 of chapter 149, of the Code, in that they do not contain the exception of the said general law protecting those persons who, like himself, conscientiously believe in and observe the seventh day of the week as the Sabbath. In accordance with the prayer of the bill, there was a preliminary injunction restraining and inhibiting the defendant from issuing warrants against the plaintiff for his arrest and from proceeding in any way against him for the violation of the alleged ordinances.

One of the facts put in issue by the answer of the defendant is the *bona fide* of the claim of the plaintiff that he is an

orthodox Jew and conscientiously believes that the seventh day of the week is the Sabbath. He also denies that the plaintiff "observes the seventh day as the Sabbath, and actually refrains from all secular business on the seventh day; but on the contrary the defendant is informed and believes and therefore avers and charges that the plaintiff pretends to observe the seventh day of the week as the Sabbath purely from mercenary motives and reasons, and does not conscientiously observe any day of the week as the Sabbath." While denying that it is his purpose to harass, annoy, vex, disturb, injure or impoverish or ruin the plaintiff in the conduct of his business, he also denies that the ordinances are invalid, and declares it to be his purpose to see that the laws of the city are impartially enforced. He admits that the ordinances do not contain the exemptions of section 17 of chapter 149 of the Code, but he asserts that the said ordinances, passed pursuant to the said charter powers, repealed within the corporate limits of said city the general law embraced in said section 17. The question of fact respecting the *bona fides* of the claims of the plaintiff to orthodoxy, and also that he "does not disturb any other persons in the observance of the Sabbath day by keeping his store open on that day," are put in issue by the answer of the defendant; but they are immaterial if the ordinances are invalid.

June 17, 1905, the circuit judge in vacation, on the bill, demurrer thereto, answer of the defendant treated as an affidavit, with replication thereto, and sundry *ex parte* affidavits filed by the defendant in support thereof and on his motion, dissolved the injunction; which injunction subsequently, on June 24, 1905, a judge of this Court reinstated. The latter injunction the circuit court on August 31, 1905, on motion of the defendant, also dissolved, and dismissed the bill. It is from this final decree that the plaintiff appeals.

The appellant admits that it is a general rule, subject to few exceptions, that a court of equity will not interfere by injunction with criminal proceedings. It is so held by this Court in *Flaherty* v. *Fleming*, 58 W. Va. 675. Citing High on Injunctions, section 68, JUDGE COX in this case says: "It appears, however, that if a statute concerning which an arrest or criminal prosecution is threatened affects civil prop-

erty and its enjoyment, in protecting the property right equity may properly enjoin the criminal prosecution, but in such case its interference is founded solely ' upon the ground of injury to property and the necessity of preserving property rights." In that case the jurisdiction to restrain criminal prosecution, charging the plaintiff (in the language of the statute) with injuring and defacing real property not his own, was denied, JUDGE COX saying: "The criminal proceeding was commenced first, and the statute under which it was commenced is not questioned. That statute determines no property right in this case."

In addition to his claim that the criminal prosecution threatened against him will interfere with his right under the law to enjoy and use his property on Sunday, the plaintiff bases his assertion of equity jurisdiction on the following grounds: First, that the said ordinances are wholly void; second, that their invalidity has already been declared by a court of competent jurisdiction; third, multiplicity of suits; fourth, that said prosecutions are threatened and will be pursued by the defendant to vex, harass and oppress him, and cause him irreparable loss in his business.

The decisions of the courts are in a hopeless state of confusion on every one of these points. In Maryland, a long line of cases hold that equity will enjoin, on the sole ground that the ordinances are void. Among these are *Mayor* v. *Radecke*, 49 Md. 217; *Hazelhurst's Case*, 37 Md. 220; *Goshorn's Case*, 30 Md. 426: *St. Mary's Ind. School* v. *Brown*, 45 Md. 310. In Missouri, in *Sylvester Coal Co.* v. *St. Louis*, 51 Am. St. R. 566, 130 Mo. 323, jurisdiction in equity to enjoin the enforcement of such ordinances is maintained, although their invalidity has not previously been determined in an action at law, on the theory of multiplicity of suits and that, though penal, they are not criminal statutes. But these decisions are not in accord with the best views on the subject. Mr. High in his work on Injunctions, 4th Ed. 1252, holds, with a long line of decisions cited, that equity will not enjoin the enforcement of such ordinances merely because they are alleged to be illegal; and at page 1254, commenting on the Missouri case, in a foot-note criticizes the court for so holding when there was nothing to show that the municipal authorities were about to harass plaintiffs with continuous

and repeated prosecutions. And at page 87 of the same edition Mr. High says equity will not restrain the enforcement of such ordinances, "being of a *quasi* criminal nature," but he says at the same page: "If, however, the act concerning which the arrest or criminal prosecution is threatened affects civil property and its enjoyment, in protecting the property right equity may properly enjoin the criminal prosecution." To the same effect is 22 Cyc. 903-4, which says: "But where the statute or ordinance under which the complainant is prosecuted is void or unconstitutional, and the prosecution may result in irreparable injury to his property rights, an injunction will be granted to restrain the commencement or prosecution of criminal proceedings under such statute or ordinance." There is also good authority for the proposition that, when a statute or ordinance has been previously adjudged invalid, an injunction may issue against further prosecutions under it. 22 Cyc. 904, citing *Poyer* v. *Des Plaines*, 123 Ill. 111; *Wallack* v. *Society P. C. A.*, 67 N. Y. 23; *West* v. *New York*, 10 Paige 539; *Cavinaugh* v. *Cleveland*, 8 O. S. & C. Pl. Dec. 329; 17 Am. & Eng. Enc. L. 270, citing *Safe Co.* v. *New York*, 38 Hun. 146, and *Taylor* v. *Pine Bluff*, 34 Ark. 603. In *Flaherty* v. *Fleming*, *supra*, it is intimated in the opinion of JUDGE COX, agreeable to these cases, that if the law in question is invalid, and its enforcement will affect injuriously civil property and its enjoyment, equity will grant relief. If these ordinances, therefore, are invalid, and have been so declared by a court of competent jurisdiction, or their enforcement is liable to work injuriously to the plaintiff in the enjoyment of his property and property rights, equity ought to afford him relief.

The question recurs, then, are the ordinances invalid? The circuit court so declared them to be in the prohibition proceedings. Of course that decision does not bind us on the question of their invalidity; but, as that decision was in his favor, and the plaintiff could not bring it here for review, it should satisfy the requirement of a prior adjudication in a court of law. If we shall concur in the decision of the law court that said ordinances are invalid, and that equity has jurisdiction on any of the other grounds relied on, we should afford the plaintiff the relief he seeks at our hands.

These ordinances aim directly at the enjoyment by the plaintiff of his property and property rights. Of course they do not affect his title, nor any continued interference with his use of his property except on the Sabbath day; but it is this very use and enjoyment of his property and property rights that the general law of the state is designed to protect him in. If these ordinances are invalid, as the circuit court has decided they are, they should not, after that decision, be enforced. This case differs from the *Flaherty-Fleming* case in this particular; for, as JUDGE Cox says in that case, "the statute under which it (the prosecution) was commenced was not questioned." Here it is. The question has occurred to me whether prohibition was the proper remedy to test the validity of these ordinances. Speaking my own judgment, I would have supposed prior decisions of this Court denied it. But in *Judy* v. *Lasher*, 50 W. Va. 628, as I understand, it is decided differently. The cases to which I allude are *Haldeman* v. *Davis*, 28 W. Va. 324; *Buskirk* v. *Judge*, 7 W. Va. 91; *McConiha* v. *Guthrie*, 21 W. Va. 134. The plaintiff relied on *Judy* v. *Lasher*, which must be regarded as binding on us.

The remaining question is: Are the ordinances invalid for omitting the exemptions of section 17 of chapter 149 of the Code? That section reads as follows: "No forfeiture shall be incurred under the preceding section for the transportation on Sunday of the mail, or of passengers and their baggage, or for running any railroad train or steamboat on the Sabbath day, or for carrying firearms or shooting on that day, by any person having the right to do so under the laws of the United States or of this state; and no forfeiture for laboring on the Sabbath day shall be incurred under the said section, by any person who conscientiously believes that the seventh day of the week ought to be observed as a Sabbath and actually refrains from all secular business and labor on that day, provided he does not compel an apprentice or servant not of his belief to do secular work or business on Sunday, and does not on that day disturb any other person in his observance of the same. And no contract shall be deemed void because it is made on the Sabbath day." Surely, the plaintiff is protected by this law unless these ordinances have, as claimed, repealed this general law and it is no longer

in force within the corporate limits of the city of Bluefield. We do not understand that such municipal legislation can override a general law of this character, unless the charter act has by plain terms so provided. It will not be done by implication. Ordinances are to be construed in harmony with the laws and general policy of the state. Ordinarily the ordinance will not be so construed as to effect a repeal of the general state law with which it conflicts. McQuillin Mun. Ordinances, section 289. If they are inconsistent with the statutes or general laws of the state, they will be null and void, unless they emanate by virtue of the express grant of the state. McQuillin, section 16, citing *Norris* v. *Staps*, Hob. 210; *Thomas* v. *Richmond*, 12 Wall. 349; *Thompson* v. *Carroll*, 22 How. 422. When the legislature, by the act amending her charter, gave the city of Bluefield by section 49 the power "to prohibit the doing of any regular business on the Sabbath day except work of necessity," we may not imply a repeal of the general law in favor of those who believe in and observe a different day. Courts do not favor repeal of statutes by implication. In *McConiha* v. *Guthrie*, 21 W. Va. 134, it is held that to repeal a statute by implication there must be such positive repugnancy between the provisions of the new law and the old that they cannot stand together or be consistently reconciled,—citing *Woods* v. *U. S.*, 16 Pet. 342; *Brown* v. *Comrs.*, 21 Pa. St. 37; *Magruder* v. *State*, 46 Ala. 347; *Mills* v. *State*, 23 Tex. 295. A statute general in its terms and without negative words will not be construed to repeal by implication the particular provisions of a former statute, which are special in their application to a particular case or class of cases, unless the repugnancy be so glaring and irreconcilable as to indicate the legislative intent to repeal. *Mason* v. *Harper's Ferry Bridge Co.*, 17 W. Va. 394; *C. & O. Ry.* v. *Hoard*, 16 W. Va. 270; *Powell* v. *Parkersburg*, 28 W. Va. 698; *Stump* v. *Fleming*, 31 W. Va. 701. To repeal a statute by implication it must appear that the latter provision is certainly and clearly hostile to the former. If by any reasonable construction the two statutes can stand together, they must so stand. *State* v. *Enoch*, 26 W. Va. 253—citing *Forqueran* v. *Donnally*, 7 W. Va. 114; *C. & O. Ry.* v. *Hoard* and *McConiha* v. *Guthrie, supra; State* v. *Stoll*, 17 Wall. 425; *Chew Heong* v. *U. S.*, 112 U. S. 549.

We therefore hold that the two ordinances aforesaid are illegal and void, and that the circuit court erred in its decree of August 31, 1905, dissolving the injunction awarded by a judge of this Court, June 24, 1905, and dismissing the plaintiff's bill. It is therefore ordered that the said decree be reversed, set aside and annulled.

And this Court, proceeding to enter such decree as the said circuit court should have entered, doth adjudge, order and decree that said injunction enjoining, inhibiting and restraining the said Joseph E. Crockett, recorder, from proceeding to prosecute or issue any warrants for the arrest of the plaintiff for violation of the ordinances aforesaid, be and the same is perpetuated.

*Reversed.*