STATE v. L. J. BLACKWELDER AND ROY DEAL.

(Filed 5 December, 1923.)

**Sunday—Municipal Corporations—Cities and Towns—Ordinances—Restaurants—Hotels—Criminal Law.**

A town ordinance that makes it a misdemeanor to keep places of business open on Sunday, or sell goods therefrom, including hotels, restaurants, etc., without exception as to the necessity of serving meals within reasonable hours, is invalid so far as it affects the service of the meals to those having no other place to get them, and a conviction as to those under such circumstances cannot be upheld.

36—186

APPEAL by the State from *Long, J.,* at September Term, 1923, of
ROWAN.

Criminal prosecution, tried upon a warrant charging the defendants
with violating an ordinance of the town of Landis which made it unlaw-
ful for any person, firm or corporation to sell any "goods, wares or
merchandise,. or other things of value, on the Lord's day, commonly
called Sunday."

From a judgment of dismissal, rendered on a special verdict, the
State appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for
the State.*

*No counsel appearing for defendants.* .

STACY, J. This prosecution was commenced in Rowan County Court
and tried *de novo* on appeal to the Superior Court of Rowan County.
From the judgment of the latter court the case comes to us for review.
The controlling facts, as established by the special verdict, are as
follows:

1. On Sunday, 27 May, 1923, the defendants, who own and operate
a restaurant in the town of Landis, Rowan County, N. C., sold and fur-
nished to one Paul Beaver, for a stipulated price, a midday meal con-
sisting of a veal steak, certain vegetables and one coca-cola, contrary
to the provisions of a certain ordinance of the town of Landis, the
material parts of which are as follows:

"It shall be unlawful for any person, firm, or corporation to be en-
gaged in selling goods, wares, or merchandise, or other things of value,
on the Lord's Day, commonly called Sunday; and it shall further be
unlawful for any person, firm or corporation to open any place of busi-
ness or keep any place of business open for the purpose of transacting
business or selling any goods, wares, or merchandise therefrom on the
Lord's Day, commonly called Sunday. This shall apply to all places
of business within the corporate limits of the town of Landis, and shall
include stores, restaurants, and other places of business from which
goods, wares or merchandise are sold.

"It shall also further be unlawful for any person, firm, or corpora-
tion to enter his store, restaurant, or place of business on Sunday and
bring therefrom any goods, wares or merchandise for the purpose of
sale to another. This shall not apply to cases of absolute emergency
or charity. Where it becomes necessary in cases of death or sickness,
the mayor of the town of Landis may grant permission for any store
or other place of business to sell therefrom such articles of necessity.

"Any person, firm, or corporation violating this act or ordinance, or
any part thereof, shall be guilty of a misdemeanor, and upon conviction

to be fined $25 for the first offense and for a second offense, or any other offenses after the first, shall be fined $50."

2. The meal in question was sold by the defendants and purchased by the said Paul Beaver in good faith and for the sustenance of the human body. (*S. v. Shoaf,* 179 N. C., p. 747.)

3. The said Paul Beaver was, at that time, without a home or residence where he could otherwise obtain food, and the restaurant conducted by the defendants was, at that time, the only public place where meals could be obtained on the Sabbath Day in the town of Landis.

4. The defendants did not keep their restaurant open during the entire day of 27 May, 1923, and they have not regularly kept the same open on other Sabbath days, except at stated hours reasonably adapted to the sale and service of regular meals.

Upon these, the facts chiefly pertinent, his Honor held "that the ordinance of the town of Landis appearing in the record, in so far as it affects the defendants upon the facts set out in the special verdict, is unreasonable, oppressive, in derogation of common right, and should be declared unlawful, invalid and an unreasonable exercise of the police power of said town, and the court being of the opinion, upon the special verdict, that the defendants are not guilty, it is, therefore, considered and adjudged that the defendants are not guilty and that this action be and the same is hereby dismissed."

We think the judgment of his Honor below must be upheld. *Barger v. Smith,* 156 N. C., 323; *S. v. Burbage,* 172 N. C., 876.

It will be observed that the ordinance in question makes no exception as to "works of necessity," among which is generally listed, "keeping open a hotel, restaurant or dining-room." 25 R. C. L., 1422. See *McAfee v. Com.,* 173 Ky., 83, as reported in L. R. A., 1917 C, 377, where the authorities on the subject have been collected and discussed in a full and satisfactory note.

All of our previous decisions, from *S. v. Williams,* 26 N. C., 400, down to *S. v. Lumber Co., ante,* 122, are distinguishable from the case at bar. We have found none in conflict with our present position.

It may be well to direct attention to the fact that the ordinance in question is held to be invalid only "in so far as it affects the defendants upon the facts set out in the special verdict." In *S. v. Pulliam,* 184 N. C., 681, a somewhat similar ordinance was upheld, but there the prohibition was against keeping open any "store, shop or other place of business" on Sunday, and it was held that the defendant might not circumvent the ordinance under the guise of running a restaurant in connection with his store, shop, or other place of business, or even in the same room where such was carried on.

Affirmed.