BUILDERS ASSOCIATION *v.* CITY OF DETROIT.

COX *v.* SAME.

1. MUNICIPAL CORPORATIONS—SUNDAY—STATUTES—ORDINANCES.
    The fact that there is a State law on the same subject as that covered by a municipal ordinance relating to Sunday observance does not render the ordinance invalid, provided the city has authority, either express or implied, to legislate in regard to the subject, and its legislation is not in conflict with the State enactment.

2. SAME—CONFLICT BETWEEN ORDINANCE AND STATE STATUTE.
    If a municipal ordinance attempts to prohibit that which a State statute permits, both cannot stand, and the ordinance must be held to be void.

3. SAME—ORDINANCES—STATE STATUTE—SUNDAY REAL ESTATE BUSINESS.
    City ordinance which prohibited the conduct of the real estate business on Sundays without excepting conscientious observers of the seventh day from its operation was void, where it prohibited that which was permitted by an applicable State statute (2 Comp. Laws 1929, §§ 9078, 9083; Detroit Ordinance No. 122 D, February 6, 1940).

4. COSTS—PUBLIC QUESTION—SUNDAY REAL ESTATE BUSINESS.
    No costs are allowed in suit in which it was sought to enjoin the enforcement of an ordinance prohibiting the conduct of real estate business on Sunday, a public question being involved (Detroit Ordinance No. 122 D, February 6, 1940).

Appeal from Wayne; Smith (Frank Day), J. Submitted June 25, 1940. (Docket No. 108, Calendar No. 41,211.) Decided November 13, 1940.

Separate bills by Builders Association, a Michigan nonprofit corporation, and Fred R. Cox and John Baker, doing business as Cox & Baker, a copartner-

ship, against City of Detroit, a municipal corporation, and the Detroit Police Department to restrain defendants from enforcing a city ordinance making it unlawful to engage in real estate business on Sunday. United Northwestern Realty Association, a Michigan corporation, and others intervened as parties defendant. Cross bill by intervening defendants against Builders' Association to enforce said ordinance. Bills and cross bill dismissed. Plaintiffs appeal. Reversed.

*Leithauser & Babcock,* for plaintiffs.

*Thomas L. Poindexter, Paul E. Krause,* Corporation Counsel, and *James R. Walsh,* Assistant Corporation Counsel (*Fred G. Dewey,* of counsel), for defendants.

CHANDLER, J. The city of Detroit passed the following ordinance:*

"An ordinance making it unlawful to engage in the business of buying, selling, renting, leasing or exchanging or offering to buy, sell, rent, lease or exchange any type of real estate as a business on the first day of the week commonly called Sunday, providing for exceptions thereto and providing a penalty therefor.

"It is hereby ordained by the people of the city of Detroit:

"SECTION 1. It shall be unlawful for any person, firm or corporation to engage in the business of buying, selling, renting, leasing or exchanging any type of real estate or interest therein or to engage in such activity as a business by offering or attempting to buy, sell, rent, lease or exchange any type of real

---

* Ordinance No. 122 D, February 6, 1940.—REPORTER.

estate or interest therein or to participate in as a business any negotiations pertaining to the buying, selling, renting, leasing or exchanging of any type of real 'estate or interest therein within the city of Detroit on the first day of the week commonly called Sunday.

"SEC. 2. It shall be unlawful for any person, firm or corporation to keep open any real-estate office, dwelling or other place for the purpose of buying, selling, renting, leasing, exchanging, displaying, inspecting or exhibiting of real estate as a business within the city of Detroit on the first day of the week commonly called Sunday: Provided, That the provisions contained in sections 1 and 2 of this ordinance shall not be applicable to those who rent rooms and lodging accommodations to transients.

"SEC. 3. Any person, firm or corporation who violates any of the provisions of this ordinance shall upon conviction be punished by a fine not to exceed $100 or imprisonment in the Detroit house of correction not to exceed 30 days or both such fine and imprisonment in the discretion of the court.

"SEC. 4. All ordinances or parts of ordinances inconsistent herewith are hereby repealed.

"SEC. 5. This ordinance shall take effect 30 days after its approval by the mayor."

The Builders Association and Fred R. Cox and John Baker, doing business as Cox & Baker, filed separate bills of complaint to restrain the enforcement of said ordinance. It being recognized that the real-estate associations had an interest in the subject matter of the litigation, they were joined as party defendants, upon stipulation, and filed answer to the bill and a cross bill, praying that plaintiffs be restrained from keeping open their model homes on Sunday for exhibition in violation of the ordinance.

The cases were heard together upon agreement of counsel, and the court, upholding the validity of

the ordinance in question, entered a decree dismissing the bills.

The State statute provides, in part, as follows:

"No person shall keep open his shop, warehouse, or workhouse, or shall do any manner of labor, business, or work, or be present at any dancing, or at any public diversion, show, or entertainment, or take part in any sport, game, or play on the first day of the week. The foregoing provisions shall not apply to works of necessity and charity, nor to the making of mutual promises of marriage, nor to the solemnization of marriages. And every person so offending. shall be punished by fine not exceeding ten dollars for each offense." (2 Comp. Laws 1929, § 9078 [Stat. Ann. § 18.851]).

"No person who conscientiously believes that the seventh day of the week ought to be observed as the Sabbath, and actually refrains from secular business and labor on that day, shall be liable to the penalties provided in this chapter, for performing secular business or labor on the said first day of the week, provided he disturb no other person." (2 Comp. Laws 1929, § 9083 [Stat. Ann. § 18.855]).

Among other questions raised as to the validity of the ordinance is the claim that it is void because it is in conflict with the statute.

The author of the note in 29 A. L. R. 409 states the following general rule relative to so-called Sunday closing ordinances:

"The fact that there is a State law on the same subject as that covered by a municipal ordinance relating to Sunday observance does not render the ordinance invalid, provided the city has authority, either express or implied, to legislate in regard to the subject, and its legislation is not in conflict with the. State enactment."

However, if the ordinance attempts to prohibit that which the statute permits, both cannot stand, and the ordinance must be held to be void. *National Amusement Co.* v. *Johnson,* 270 Mich. 613.

In the instant case the legislature, in prohibiting the transaction of business on Sunday, exempts from the application of the statute those who conscientiously believe that the seventh day of the week should be observed as the Sabbath, providing they disturb no other person. No such exception is to be found in the ordinance before us. It applies to all alike, regardless of religious convictions. It denies to the conscientious observer of the seventh day of the week as the Sabbath the right to transact business on Sunday, which is granted such individual by the exception to be found in the statute. It attempts to prohibit that which the statute permits and is, therefore, void. See *Canton* v. *Nist,* 9 Ohio St. 439; *City of Cincinnati* v. *Rice,* 15 Ohio, 225; *Johns* v. *State,* 78 Ind. 332 (41 Am. Rep. 577).

In *Ex parte Ferguson,* 62 Okla. Crim. Rep. 145 (70 Pac. [2d] 1094), the city passed an ordinance prohibiting the sale of groceries or meats on Sunday. The Oklahoma State law prohibits on Sunday all servile labor and trades, except charitable work, and forbids all public selling "except that meats, bread and fish may be sold at any time before nine o'clock in the morning." It was held that the ordinance conflicted with the State law. The court, in declaring the ordinance invalid, said:

"It will be observed that the ordinance in question does not contain the exceptions mentioned in the statute    *    *    *    'that meats, bread, and fish may be sold at any time before nine o'clock in the morning' and excepting 'works of necessity or charity.'"

See, also, *Ex parte Hodges,* 65 Okla. Crim. Rep. 69 (83 Pac. [2d] 201); *State* v. *Somberg,* 113 Neb. 761

(204 N. W. 788); *State v. Blackwelder,* 186 N. C. 561 (120 S. E. 196); *Block v. Crockett,* 61 W. Va. 421 (56 S. E. 826).

The foregoing authorities clearly indicate to us that if a city ordinance prohibits something which a State statute permits, or vice versa, there is a conflict and the State law must prevail. Here the ordinance prohibits what the law permits and, therefore, is in conflict with it.

It is unnecessary to discuss other questions raised and the decree is, therefore, reversed, and one shall be entered in accordance with the views herein expressed. A public question being involved, no costs are allowed.

BUSHNELL, C. J., and SHARPE, BOYLES, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.