EDWARD D. LYONS vs. CITY OF LOWELL.
LOWELL TRUST COMPANY vs. SAME.

Middlesex.   March 16, 1921. — July 2, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Municipal Corporations*, Liability for torts, Waterworks.   *Negligence*, Of municipality.   *Practice, Civil*, Auditor's report.   *Judgment.*

A city in furnishing water to its inhabitants for a money consideration paid by those using it is engaged in an undertaking commercial in its character and is liable for its negligent acts.

If in an action against a city to recover for injuries to property resulting from the breaking of a water main which was a part of a system maintained by the city for the purpose of supplying water to its inhabitants for a money consideration, an auditor, whose findings by agreement of the parties are to be final, finds that the city was negligent in the original construction of the water main, a judgment properly may be entered for the plaintiff.

TWO ACTIONS OF TORT for injuries to personal and real property caused by the breaking of a water main alleged to have been caused by negligent construction, operation and care thereof by the defendant.   Writs dated January 25, 1915.

In the Superior Court, the cases were consolidated and were heard as one by *Keating*, J., without a jury, upon an auditor's report and supplementary report, material portions of which are described in the opinion, and upon an agreement of the parties as follows:

" 1. The parties hereto waive trial by jury.

" 2. The amount of damages found by the auditor is to be final and binding upon the parties.

" 3. The auditor's report heretofore filed shall be final on facts, and no evidence other than that contained in the auditor's report is to be introduced, but the court in reaching its conclusion may consider the following facts, as if the same were included in, and made a part of the said report:

" The water main in question was a part of the general system of the defendant city, established and maintained under special authority of the Legislature (Sts. 1869, c. 351; 1870, c. 322) by said defendant's water department, for the purpose of supplying

water to its inhabitants for a money consideration paid by those using its water. The water therein was used also for fire purposes as occasion required, and to supply the drinking fountains established by the city in its vicinity, from which the city derived no revenue in either case."

The judge found for the plaintiff Lyons in the sum of $1,729.26 and for the plaintiff Lowell Trust Company in the sum of $2,562.45. The defendant excepted to the finding and the judge at the request of the defendant reported the cases for determination by this court upon the stipulation that, if he was warranted in finding for the plaintiffs, judgments were to be entered for them in the amounts set forth above with interest in each case from the date of the writ; otherwise, judgments were to be entered for the defendant.

The cases were submitted on briefs.

*J. J. Hogan & W. A. Hogan,* for the plaintiffs.

*W. D. Regan,* for the defendant.

CARROLL, J. These are two actions of tort for damages to the personal and real property of the plaintiffs caused by the alleged negligence of the defendant city in the construction and operation of a water main or pipe in front of the plaintiffs' premises. The Lowell Trust Company occupied the first floor, part of the basement, and certain rooms on the second floor of the brick building owned by the plaintiff Lyons. At a point about thirty-five feet from the entrance to the banking house of the Lowell Trust Company, the Middlesex Street water main connected with the one in Central Street, both mains being twelve inch pipes. At or near the point of intersection a break occurred, the water rising five or six inches above the level of the street and causing damage to the plaintiffs' property. The cases were referred to an auditor, under an agreement that his findings of facts were to be final. It was also agreed that the water mains were a part of the defendant's water department, and were for the purpose of supplying water to its inhabitants, for pay; and for use in its fire department and supplying drinking fountains, for which no revenue was received.

The auditor found that the break was in the bottom of the Middlesex Street water main near a "stone or piece of ledge . . . imbedded in the gravel underneath the line of this water main;"

that the adjacent parts of the main rested on dirt or gravel; that the break was directly caused by the negligence of the defendant in the original construction and location of the pipe, by placing it in such close contact with the ledge or stone without a sufficient amount of sand or gravel or other support underneath the pipe and between it and the ledge; that the pressure from above tended to cause a "buckling or breaking of that part at that resting point, and the break would take place in the bottom of the water main, as in fact did occur."

The city in furnishing water to its inhabitants for its own profit was engaged in an undertaking commercial in character and was liable for its negligent acts. *Lynch* v. *Springfield,* 174 Mass. 430. *Bolster* v. *Lawrence,* 225 Mass. 387. As the city has been found by the auditor to have been negligent and as his findings by the agreement of the parties are final, judgment was entered properly for the plaintiffs. See *Daley* v. *Legate,* 169 Mass. 257, 259, 260. The record does not show that the defendant's requests for findings of fact were improperly dealt with by the auditor, *Weld* v. *Brooks,* 152 Mass. 297, and even if the defendant was careful in the inspection and testing of its water pipes and mains, the fault as found by the auditor was in the original construction, — that if proper care had been used when the pipes were laid the break would not have occurred.

The findings for the plaintiffs were warranted. Judgment is to be entered for the plaintiff Lyons in the sum of $1,729.26 and interest from the date of the writ, and for the plaintiff Lowell Trust Company in the sum of $2,562.45 and interest from the date of the writ.

*So ordered.*