TABER *v.* CITY OF BENTON HARBOR.

1. MUNICIPAL CORPORATIONS—WATER WORKS—GOVERNMENTAL FUNCTION—PROPRIETARY MATTERS.

   Although city may in the construction, operation and maintenance of a water works system be acting, under certain factual circumstances, in a governmental capacity, as a general proposition it is engaged in such an enterprise in its proprietary or private capacity.

2. SAME—WATER WORKS—ZONING ORDINANCES—CHARTER—COMPENSATION.

   Charter provisions requiring home rule city to maintain an adequate water system *held*, not to entitle city to proceed in the erection of 140-foot water tower and tank in residence districts in disregard of duly-enacted zoning ordinance as to use and size of structures to be erected therein without making compensation for damage to rights, easements and privileges (Const. 1908, art. 13, § 1; 1 Comp. Laws 1929, §§ 2232, 2639; City of Benton Harbor Charter, chap. 13, §§ 11, 12).

3. COSTS—WATER TOWER—ZONING ORDINANCES—PUBLIC QUESTION.

   No costs are allowed plaintiffs in suit to enjoin city from erection of water tower and tank in violation of zoning ordinance notwithstanding they are successful on appeal, a public question being involved.

Appeal from Berrien; Evans (Fremont), J. Submitted April 29, 1937. (Docket No. 165, Calendar No. 39,507.) Decided June 7, 1937. Rehearing denied September 1, 1937.

Bill by Roland B. Taber and others against City of Benton Harbor, a municipal corporation, to restrain the erection of a water tower. Bill dismissed. Plaintiffs appeal. Reversed.

*Gore, Harvey & Fisher,* for plaintiffs.

*W. M. Cunningham,* for defendant.

Chandler, J.   Defendant is a municipal corporation, having been incorporated and having adopted a charter in accordance with the provisions of the home rule act. Act No. 279, Pub. Acts 1909, as amended (1 Comp. Laws 1929, § 2228 *et seq.*).   By zoning ordinance, the defendant city is divided into districts, those pertinent to this cause being known as residence districts B and C.   The ordinance in question prohibits the erection in district B of buildings for use other than as single-family dwellings, churches, schools, libraries, truck gardening, private clubs and accessory buildings and restricts the height thereof to 35 feet.   In district C buildings may be erected for uses permitted in district B and for certain other enumerated purposes immaterial to this case.   The height of buildings in district C is limited to 55 feet or four stories.

Plaintiffs, residents of districts B and C, filed their bill of complaint alleging that defendant had purchased a parcel of land, a portion thereof being within district B and a portion within district C; that on the land so acquired defendant proposed to construct and was proceeding to construct a steel water tower and tank of a total height of 140 feet, said tank having a storage capacity of 600,000 gallons; that the construction of said tower and tank is a violation of the aforesaid zoning ordinance and of the rights, easements and privileges of plaintiffs and that its construction will otherwise result in irreparable damage to plaintiffs, constituting a taking of their property without compensation and without due process of law contrary to Const. 1908, art. 13,

§ 1. Plaintiffs pray for an injunction restraining defendant from constructing said tower and tank.

Defendant's answer denies that the construction of said tower and tank will result in irreparable damage to plaintiffs but on the contrary, due to proposed landscaping, will tend to beautify the area and thus enhance the value of plaintiffs' property and denies that it will constitute a taking of property without compensation and due process of law and further denies that said tower and tank will constitute a nuisance. Defendant further alleges that said ordinance is inapplicable to the municipality; that due to the increase in the volume of water necessary to satisfy the needs of its inhabitants the present water system has become inadequate; that the construction contemplated is necessary to enable defendant to make necessary repairs to the present system; that said improvement is essential to provide the city and its inhabitants with an adequate fire protection system, to provide its inhabitants and industries with sufficient water, and is for the benefit, health, comfort and protection of its citizens.

From a decree dismissing the bill of complaint, plaintiffs appeal.

Whether the erection of the proposed structure would constitute a nuisance *per se* within the meaning of 1 Comp. Laws 1929, § 2639, obviously depends upon the prior determination of the paramount question involved as to whether the defendant may erect the tower and tank in question on the selected site contrary to the mentioned zoning ordinance.

Under the home rule act, the city, as a permissible charter provision, may provide for the installation of a water works. 1 Comp. Laws 1929, § 2232. In accordance with the permission thus granted, the charter of the city provides, chapter 13:

"Sec. 11.  The commission shall cause to be maintained an adequate water works system for the furnishing of sufficient water supply and make all such ordinances, rules and regulations as are necessary for a safe, economical and efficient management of the same.

"Sec. 12.  The commission shall also provide for the improvement and extension of the water works and water system wherever and whenever necessary for the public health and welfare, and for adequate fire protection."

It is the contention of defendant that the erection of the contemplated water tower and tank is an exercise by the city of the police power in performing a governmental function authorized by the charter; that the exercise of said power is a duty incumbent upon the city to provide for the general comfort, safety and welfare of its citizens; and that the city cannot surrender, circumscribe or incumber the power so granted by the charter by the enactment of a zoning ordinance.

Although a city may in the construction, operation and maintenance of a water works system be acting, under certain factual circumstances, in a governmental capacity, as a general proposition the weight of authority is to the effect that in engaging in such an enterprise the city acts in a proprietary or private capacity.  See *Miller Grocery Co.* v. *City of Des Moines,* 195 Iowa, 1310 (192 N. W. 306, 28 A. L. R. 815); *Lyons* v. *City of Lowell,* 239 Mass. 310 (131 N. E. 860); *Woodward* v. *Livermore Falls Water District,* 116 Me. 86 (100 Atl. 317, L. R. A. 1917D, 678); *Canavan* v. *City of Mechanicville,* 229 N. Y. 473 (128 N. E. 882, 13 A. L. R. 1123); *Milwaukee Electric R. & Light Co.* v. *City of Milwaukee,* 209 Wis. 656 (245 N. W. 856); *Omaha Water Co.* v. *City of Omaha,* 77 C. C. A. 267 (147 Fed. 1, 12 L. R. A. [N. S.] 736, 8 Ann. Cas. 614).

Under the circumstances in this case, no sound reason is perceived why the city should not be bound by the ordinance in question so long as such ordinance is in force and defendant is not excepted from its provisions as would be an individual or private corporation in attempting to engage upon the same project under the same conditions. It is undoubtedly true that under the provisions of the charter the city owes a duty to its inhabitants to maintain an adequate water system, but in so providing it cannot proceed in disregard of the plain legislative enactments of the duly elected representatives of its citizens.

The cases cited by defendant to the effect that a municipality may not barter away or surrender any of its sovereign governmental powers are inapplicable and not controlling. Defendant relies on *City of Cincinnati* v. *Wegehoft,* 119 Ohio St. 136 (162 N. E. 389). It is to be noted that the ordinance there in question specifically exempted the municipality from its operation. Whatever is there said relative to the result that would have obtained had the city not been so specifically exempted cannot be considered as the established law. The case of *C. J. Kubach Co.* v. *McGuire,* 199 Cal. 215 (248 Pac. 676), in so far as it may support the contentions of defendant, is, in our opinion, not an acceptable view.

The decree is reversed and one shall be entered in accordance with this opinion, but without costs, a public question being involved.

Fead, C. J., and North, Wiest, Butzel, Bushnell, Sharpe, and Potter, JJ., concurred.