STIFFLER *v.* CITY OF TRAVERSE CITY.

1. MUNICIPAL CORPORATIONS—ZONING—APPEAL AND ERROR.

Legislative judgment in altering zoning regulations in a given area should not be disturbed by the judicial branch of government unless the exercise of that judgment bears no reasonable relationship to the public interest.

2. SAME—PUBLIC UTILITIES—PROPRIETARY ACTIVITY.

A municipality is engaged in a public enterprise for a public purpose in operating a public utility even though such operation may be a proprietary activity.

3. ZONING—MUNICIPAL CORPORATIONS—AMENDMENTS TO ORDINANCES —REASONABLENESS.

The reasonableness of a zoning ordinance amendment should be considered in conjunction with the entire scheme of existing zoning districts.

4. SAME—ALTERATION OF HEIGHT LIMITATION—REASONABLENESS.

Amendment of zoning ordinance to permit erection of municipally owned public utility light and power plant building to a height of 100 feet, with certain setback requirements for heights above 75 feet, in a zone otherwise restricted to buildings 75 feet high or less, *held,* not unreasonable where the ordinance permits buildings in an adjoining zone to be 125 feet high and the amendment does not do violence to the zoning plan as a whole (Traverse City Zoning Ordinance Amendment 102).

5. COSTS—PUBLIC QUESTION—ZONING ORDINANCE AMENDMENT.

No costs are allowed in action to declare amendment of home-rule city's zoning ordinance invalid, a public question being involved.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Zoning §§ 229–232.
[2] 38 Am Jur, Municipal Corporations §§ 559, 560.
[3] 58 Am Jur, Zoning §§ 21, 22.
[4] 58 Am Jur, Zoning §§ 21, 22, 49.
[5] 5 Am Jur 2d, Appeal and Error § 1009.

Appeal from Grand Traverse, Miller (Allan), J., presiding. Submitted Division 3 December 5, 1967, at Grand Rapids. (Docket No. 2,982.) Decided April 3, 1968.

Complaint by David L. Stiffler and other land owners and taxpayers against City of Traverse City, a home-rule city, and others for declaratory judgment that amendment 102 of the City of Traverse City's ordinances is void. Defendant's motion for summary judgment granted. Plaintiff appeals. Affirmed.

*Williams, Coulter & Forster,* for plaintiff.

*Roger Watson,* City Attorney (*Charles H. Menmuir* and *Joseph J. Zimmerman,* of counsel), for defendant City.

Burns, J. Plaintiffs appeal from a dismissal of their cause of action which, among other things not relevant to this appeal, sought a judgment declaring the city of Traverse City's ordinance amendment 102 invalid.

The center of the controversy is a light and power plant which has been owned and operated by the city of Traverse City since 1928. The plant is situated on the waterfront at the south end of the west Grand Traverse bay and supplies the electrical needs of the city, its residents, and industrial concerns. After the completion of an extensive study, the city commission in February, 1965, adopted an ordinance authorizing the issuance of $2,500,000 in self-liquidating revenue bonds for the purpose of building an addition to the present light and power plant. A referendum election on this ordinance resulted in a 2-to-1 vote in favor of issuing the bonds. Following the favorable referendum election, the city sold the

revenue bonds and entered into numerous contracts which obligated the city to expend more than $2,000,-000.

The plans for the project revealed that the rear portion of the planned addition was designed to be 98 feet high. In June, 1966, plaintiff David L. Stiffler, who owned property a few lots west of the power plant, advised the city that the zoning ordinance only permitted construction of 75-foot-high buildings. In order to comply with that ordinance the proposed addition would have to be redesigned to a 75-foot height by leaving certain coal handling equipment exposed on top of the building. This would cost approximately $150,000 and even then the legal effect of the redesign would be contingent upon a liberal construction of a section of the city's zoning ordinance which excepts "necessary mechanical appurtenances" from height limitations. Exposing the coal equipment would impair the appearance of the addition and would adversely affect the safety of the employees. Relocation of the plant would cost an additional $800,000, not including site costs.

As the result of much expert consultation and commission deliberation, ordinance amendment 102 was adopted by the city commission on July 18, 1966. It provided:

"*The city of Traverse City ordains:* That chapter 14, section 14.152 shall be amended to add subsection 4 to read as follows:

"4. Public utility buildings in M–1 & M–2 zones may be erected to a height not exceeding 100 feet provided that the structure is set back from all required yard lines a distance of one foot for each three feet of its height above 75 feet said setback to apply only to that portion of the structure above 75 feet in height."

No referendum was sought on this amendment.

On July 1, 1966, the city paid $110,000 plus inter-
est as the first principal payment on the revenue
bond obligations. On August 11, 1966, the contract
for construction was awarded and construction be-
gan that same month. This action was commenced
September 30, 1966, and was tried and dismissed
in November, 1966.

Plaintiffs contend on appeal that in adopting ordi-
nance amendment 102 the city commission acted ar-
bitrarily, capriciously, and discriminatorily. They
primarily rely upon *Taber* v. *City of Benton Harbor*
(1937), 280 Mich 522, where the Court restrained
the erection of a 140-foot water tower in a resi-
dentially zoned area by holding that a city must
comply with its zoning ordinances. The *Taber Case*
is distinguishable because there the Court was not
considering a legislative act of rezoning. On page
526 of *Taber, supra,* the Court said:

> "Under the circumstances in this case, no sound
> reason is perceived why the city should not be bound
> by the ordinance in question *so long as such ordi-*
> *nance is in force and defendant is not excepted from*
> *its provisions* as would be an individual or private
> corporation in attempting to engage upon the same
> project under the same conditions. It is undoubt-
> edly true that under the provisions of the charter
> the city owes a duty to its inhabitants to maintain
> an adequate water system, but in so providing *it*
> *cannot proceed in disregard of the plain legislative*
> *enactments of the duly elected representatives of its*
> *citizens."* (Emphasis supplied.)

If the "plain legislative enactments of the duly
elected representatives" alter zoning regulations in
a given area as in the case at hand, such legislative
judgment should not be disturbed by the judicial
branch of government unless the exercise of that
judgment bears no reasonable relationship to the

public interest.[1]  In *Lamb* v. *City of Monroe* (1959),
358 Mich 136, the Supreme Court said at pages 143
and 144:

"It is not the function of this Court, or of any
court, to approve or disapprove zoning ordinances
as to wisdom or desirability.  An appeal lies, it is
true, from the legislative determination, but it is to
the ballot box, not to the courts.  If the legislative
body has authority to act in the premises, and the
requirements of administrative due process have
been observed with respect to the adoption, inter-
pretation, and administration of the ordinance, we
will not disturb the legislative judgment or the exec-
utive action.  In other words, if there is a debatable
question that debate is not for us.  But if there is
whimsical action or an arbitrary *ipse dixit,* a legis-
lative judgment has not, in the legal sense, been
exercised at all, and we will protect against the
arbitrary action.  *Cf. Brae Burn, Inc.,* v. *City of
Bloomfield Hills* (1957), 350 Mich 425."

Although a municipality's operation of a public
utility may be a proprietary activity, such a munici-
pality is engaged in a public enterprise for a public
purpose.  *Wolgamood* v. *Village of Constantine*
(1942), 302 Mich 384, 394, 395.

The charter of the city of Traverse City incorpo-
rated the following municipal powers by reference:[2]

---

[1] "A zoning ordinance can be amended only to subserve the public
interest.  * * *  But the determination of when the public in-
terest does require an amendment is within the legislative discretion
of the municipality."  8 McQuillin, Municipal Corporations (1965
rev), § 25.68, pp 179, 180.

[2] Chapter 1, § 3 of the charter of the city of Traverse City provides:
"Further, unless otherwise provided in this charter, said city and
its officers shall be vested with any and all powers, expressed and
implied, which cities and their officers are, or hereafter may be,
permitted to exercise or to provide for in their charters, including
all powers granted to cities and officers of cities of the fourth class
by Act No. 215 of the Public Acts of 1895, as amended, and per-
mitted to cities by Act No. 279 of the Public Acts of 1909, as amend-
ed, as fully and completely as though those powers were specifically

"Each city may in its charter provide :  *  *  *

"(3) For the exercise of all municipal powers in the management and control of municipal property and in the administration of the municipal government, whether such powers be expressly enumerated or not; for any act to advance the interests of the city, the good government and prosperity of the municipality and its inhabitants and through its regularly constituted authority to pass all laws and ordinances relating to its municipal concerns subject to the constitution and general laws of this state." (CL 1948, § 117.4j [Stat Ann 1949 Rev § 5.2083]).

"The council may enact such ordinances and adopt such resolutions as may be necessary for the care, protection, preservation and control of the lighting works and all the fixtures, appurtenances, apparatus, buildings and machinery connected therewith or belonging thereto, and to carry into effect the provisions of this chapter, and the powers herein conferred in respect to the erection, purchase, management and control of such works." (CL 1948, § 107.9 [Stat Ann 1949 Rev § 5.1903]).

From the facts of this case it is clear that the Traverse City city commission carefully exercised its judgment in accordance with the authority vested in it. The need to expand the public utility facility, as proposed, satisfies the public interest required to justify the adoption of the zoning amendment. The good-faith action of a lawmaking body acting for the public welfare may not be questioned by a court. See *Gray* v. *Grand Trunk W. R. Co.* (1958), 354 Mich 1.

The enactment of ordinance amendment 102 was not unreasonable when considered in conjunction with the entire scheme of existing zoning districts. The zoning ordinance regulating the adjoining cen-

incorporated into and provided for in this charter, and in no case shall any enumeration of particular powers in this charter be held to be exclusive."

tral business district permits buildings to be erected to a height of 125 feet. As ably phrased by the trial court, "The particular ordinance does not do violence to the zoning plan as a whole."

Judgment affirmed: No costs, a public question being involved.

HOLBROOK, P. J., and J. H. GILLIS, J., concurred.