WATERFORD PROCESSING AND RECLAIMING CO. *v.*
TOWNSHIP OF WATERFORD

1. MUNICIPAL CORPORATIONS — ORDINANCES — CONFLICT WITH STATUTES.

   A provision of a municipality's ordinance which contravenes a state law is, in the absence of specific statutory or charter power, void.

2. MUNICIPAL CORPORATIONS — ORDINANCES — CONFLICT WITH STATUTES.

   A conflict between a state law and a municipal ordinance exists, as a general rule, where the state has occupied the whole field of prohibitory legislation with respect to a particular subject and there are either expressed or implied conditions in the state law and the municipal ordinance which are inconsistent and irreconcilable; mere differences in details of the two acts and regulations of the municipality in addition to those imposed by the state do not ordinarily create a conflict.

3. MUNICIPAL CORPORATIONS—ORDINANCES—REFUSE DISPOSAL.

   A township's ordinance provision enabling it to deny a license for the operation of a sanitary landfill even if the applicant has already been licensed by the state to operate a landfill in a specified portion of the township is void because the provision excludes what the state has already permitted (MCLA § 325.292).

4. MUNICIPAL CORPORATIONS—ORDINANCES—REFUSE DISPOSAL.

   A township may impose additional reasonable regulations designed to eliminate foreseeable health hazards on a person already licensed by the state to operate a sanitary landfill on specified land in that township; however, these local regulations may not exclude what the state has already permitted.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 37 Am Jur, Municipal Corporations § 165.
[3] 37 Am Jur, Municipal Corporations §§ 165, 287; 38 Am Jur, Municipal Corporations §§ 345, 359.
[4] 37 Am Jur, Municipal Corporations § 267.

Appeal from Oakland, James P. Churchill, J. Submitted Division 2 May 12, 1970, at Lansing. (Docket No. 8,256.) Decided July 29, 1970. Leave to appeal denied October 20, 1970. 384 Mich 768.

Complaint by Waterford Processing and Reclaiming Co. against the Township of Waterford, the Waterford Township Planning Commission, and the Waterford Township Building Inspector, to compel the issuing of a landfill license. License ordered issued. Defendants appeal. Affirmed.

*Hartman, Beier, Howlett, McConnell & Googasian* (*J. Gerald McLean*, of counsel), for plaintiff.

*Booth, Patterson, Hays & Karlstrom*, for defendants.

Before: LESINSKI, C. J., and DANHOF and SNOW,[*] JJ.

LESINSKI, C. J. The charter township of Waterford enacted the following ordinance as part of its 1963 general zoning ordinance:

"Filling of land. The filling of land with rubbish, garbage or any other waste material by a person, firm, corporation, partnership, or other organization is not permitted in the township unless located in an AG–1 District and without first submitting an application to the board and securing a permit from the building inspector.
"a. Application. Before approving any permit the board shall hold a public hearing concerning the proposed use, and further, an application for a permit shall have been requested in writing to the township clerk containing the following information:
* * *

_____
[*] Circuit judge, sitting on the Court of Appeals by assignment.

"c. Permits. After considering all the available facts and after public hearing, and if it shall determine that the proposed operations will not be injurious to the general public health, safety and welfare of the township and its citizens, the board shall authorize the building inspector to issue a permit conditioned on compliance of the permit holder with all the requirements of this section."

Subsequently, the state legislature passed PA 1965, No 87 (MCLA § 325.291 *et seq.* [Stat Ann 1969 Rev § 14.435(1) *et seq.*]), the garbage and refuse disposal act, which states in part:

"Sec. 2. No person shall dispose of any refuse at any place except a disposal area licensed as provided in this act. Nothing in this act nor any act of the commissioner's shall usurp the legal right of a local governing body from developing and enforcing local ordinances, codes, or rules and regulations on solid waste disposal equal to or more stringent than the provisions of this act, nor will this act relieve the applicant for license to operate a disposal area from obtaining a license from a local governing body when required or relieve the person owning or operating a disposal area from responsibility for securing proper zoning permits or complying with all applicable local ordinances, codes, or rules and regulations not in conflict with this act."

Waterford Processing and Reclaiming Co., a Michigan co-partnership (hereinafter referred to as Processing), sought and received a *state* license permitting operation of a sanitary land-fill on a certain site in the AG–1 district of Waterford Township. The license was granted after a determination by the state Health Commissioner that "unlawful pollution will not be created and injury to ground and surface waters will be avoided," through careful control of Processing's operation. Certain conditions designed to protect the surrounding area from

contamination and pollution were attached to the
license.

As provided by the statute, Processing next ap-
plied to the township for a license. After protracted
public hearings, Processing's application was denied,
apparently because the planning commission be-
lieved there was the possibility of pollution of nearby
Maceday Lake. Following circuit court reversal of
the board's finding, the township appeals.

Among other questions raised is the claim, by
Processing, that the quoted ordinance section is void
because it is in direct conflict with the state statute.

The rule governing resolution of this issue has
been repeatedly stated:

"It is the rule that, in the absence of specific
statutory or charter power in the municipality, the
provisions of an ordinance which contravene a state
law are void. *People* v. *McGraw* [1915], 184 Mich
233; 43 CJ p 215. What the legislature permits, the
city cannot suppress, without express authority
therefor. *State* v. *Brittain* [1883], 89 NC 574. The
rule as to conflict is thus fairly stated:

" 'The question as to whether or not a municipal
ordinance or regulation is in conflict with the general
law is sometimes difficult of solution, and cannot be
determined by any fixed rule. Each particular case
must be determined as it arises. Broadly speaking,
the question whether a conflict exists depends upon
whether the state has occupied the whole field of
prohibitory legislation with respect to the subject.
If such is the case, it is held that a conflict exists.
In order that there be a conflict between a state
enactment and a municipal regulation both must
contain either express or implied conditions which
are inconsistent and irreconcilable with each other.
Mere differences in detail do not render them con-
flicting. If either is silent where the other speaks,
there can be no conflict between them. Where no
conflict exists, both laws stand. * * * As a general

rule, additional regulation to that of a state law does not constitute a conflict therewith.' 43 CJ p 218." *National Amusement Co.* v. *Johnson* (1935), 270 Mich 613, 616.

In the instant case, the legislature has authorized the state health commissioner to determine the suitability, for land-fill purposes, of a certain piece of property and to license the operators thereof. MCLA § 325.294 (Stat Ann 1969 Rev § 14.435[4]). Such a determination is presumably made after careful consideration of the waste disposal needs of the citizens of both the state and the local area and the possible dangers of water contamination and pollution. See 1954 AACS 45, p 8ff, R 325.1101ff. The interests of the state in this area are clearly identical to the interests of the local citizenry.[1] Compare *Detroit Edison Company* v. *City of Wixom* (1969), 382 Mich 673, 682.

Once the commissioner has approved a certain site and imposed operating conditions, the local governing body may impose any additional reasonable regulations designed to eliminate any forseeable health hazard. However, these local regulations may not *exclude* what the state has permitted. *Builders Association* v. *City of Detroit* (1940), 295 Mich 272. Since the operation of the Waterford Township

---

[1] See, for example, AACS 1964–1965, R 325.1103:
"Water pollution and nuisance control.

"(4) Sanitary landfill operations shall be so designed and operated that conditions of unlawful pollution will not be created and injury to ground and surface waters avoided which might interfere with legitimate water uses. Water-filled areas not directly connected to natural lakes, rivers or streams may be filled with specific inert material not detrimental to legitimate water uses and which will not create a nuisance or hazard to health. Special approval of the inert material to be used in this manner is required in writing from the health department having jurisdiction. Such approval shall be filed with the director. Inert material shall not include residue from refuse incinerators, unless evidence, satisfactory to the director, is submitted by the licensee substantiating that such residue will not create a nuisance or hazard to health."

zoning ordinance has an exclusionary effect in this case, that portion of the ordinance permitting *refusal* of a local license to a state licensee is void as applied.

Resolution of the above issue obviates discussion of the other questions raised. The decision of the circuit court is affirmed. No costs, a public question being involved.

All concurred.