TOWNSHIP OF HARING *v.* CITY OF CADILLAC

1. ZONING—PUBLIC LANDS—TOWNSHIP'S POWER—STATE-PERMITTED USE.

   Townships, as a general rule, have no authority to enact zoning ordinances affecting property owned by the state; however, this rule does not apply where a city is using state land located in a township.

2. PUBLIC LANDS—STATE-PERMITTED USE—ZONING ORDINANCES—COMPLIANCE.

   A permit granted by the Department of Natural Resources to a city allowing it to use state land, located in a township, for garbage and refuse disposal does not relieve the city from the responsibility of complying with all applicable local ordinances, including zoning ordinances (MCLA § 325.292).

Appeal from Wexford, William R. Peterson, J. Submitted Division 3 May 5, 1971, at Grand Rapids. (Docket No. 9947.)   Decided July 27, 1971.

Complaint by the Township of Haring against the City of Cadillac to enjoin the city from using state land located within the township for garbage and

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Zoning §§ 8, 120.

refuse disposal. Summary judgment for plaintiff. Defendant appeals. Commission of Natural Resources intervened as a defendant-appellant. Affirmed.

*Charles H. Miltner,* for plaintiff.

*Edward W. Ten Houten,* for defendant City of Cadillac.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Jerome Maslowski* and *Russell E. Prins,* Assistants Attorney General, for intervening Commission of Natural Resources.

Before: R. B. BURNS, P. J., and HOLBROOK and LEVIN, JJ.

R. B. BURNS, P. J. Plaintiff township initiated this action to enjoin defendant city from using state-owned land, located within the township, for garbage and refuse disposal. Plaintiff claims the city would be violating the township's zoning ordinance which prohibits the storage of garbage except by the township or its agents.[1]

Defendant City of Cadillac was given permission to use the state-owned land in question for landfill purposes by the Department of Natural Resources.[2] There is no dispute as to facts and the only question for resolution is the effect of the state use permit *vis-a-vis* the township zoning ordinance. The trial judge granted plaintiff's motion for summary judg-

---

[1] The township ordinance also prohibits any use or occupancy of land without prior certification by the township building inspector.

[2] This state agency has supervisory power over the land in question. MCLA § 299.1 *et seq.* (Stat Ann 1967 Rev § 13.1 *et seq.*).

ment and enjoined the City of Cadillac from using the state land for dumping purposes.

As a general rule townships do not have the authority to enact zoning ordinances affecting property owned by the state. *State Highway Commissioner v. Redford Township* (1966), 4 Mich App 223. However, in this case we are not concerned with the state's use of its land but with the City of Cadillac's use of land in Haring Township owned by the state. Powers delegated to the Department of Natural Resources by the state were transferred from other administrative commissions. The duties imposed upon the Department of Natural Resources by MCLA 1971 Cum Supp § 299.3 (Stat Ann 1971 Cum Supp § 13.3) are:

"The department of conservation[3] shall protect and conserve the natural resources of the state of Michigan; provide and develop facilities for outdoor recreation; prevent the destruction of timber and other forest growth by fire or otherwise; promote the reforesting of forest lands belonging to the state; prevent and guard against the pollution of lakes and streams within the state, and enforce all laws provided for that purpose with all authority granted by law, and foster and encourage the protecting and propogation of game and fish."

The Legislature did not mandate the issuance of dump permits by the department. The policy of the department regarding sanitary land disposal is set forth in the policy manual, Forestry Division, Michigan Department of Natural Resources, § IV, Use and Occupancy of State Land:

"2. Dump Permit (R-4044)
"The Department of Conservation, recognizing the need for keeping land and road sides as free

---

[3] Department of Natural Resources (PA 1968, No 353).

from rubbish and debris as possible, may issue dump ground permits to public agencies only for use of State-owned forest lands for dump ground purposes.  *  *  *

"The Department of Natural Resources will not enforce Act 87, Public Acts of 1965, which is administered by the Department of Public Health, but the permittee is required to obtain a license and comply with the act and the regulations concerned therewith."

PA 1965, No 87, MCLA § 325.292 (Stat Ann 1969 Rev § 14.435[2]) states:

"Nor will this act relieve the applicant for license to operate a disposal area from obtaining a license from a local governing body when required or relieve the person owning or operating a disposal area from responsibility for securing proper zoning permits or complying with all applicable local ordinances."

The statute of the State of Michigan and the rules promulgated by the Department of Natural Resources mandate compliance with local ordinances.

Affirmed. No costs, a public question.

All concurred.