GARB-KO, INC., v CARROLLTON TOWNSHIP

Docket No. 77-3992. Submitted June 13, 1978, at Lansing.—Decided October 3, 1978. Leave to appeal applied for.

Garb-Ko, Inc. entered into a lease of a building in Carrollton Township, Saginaw County, and began operation of a 7-11 store. The building had previously been used as a grocery store, which since 1959 had been a nonconforming use in an area zoned residential. As a grocery store, the business was generally operated from 8 a.m. to 10 p.m. Garb-Ko began operation from 7 a.m. to 11 p.m., and later began operating from 6 a.m. to 2 a.m. The township advised Garb-Ko that it must cut its hours of operation to 7 a.m. to 11 p.m. Garb-Ko and Donna J. Bruske, the franchiser of the store, sought to enjoin the township from interfering with their hours of operation. The township counterclaimed, seeking to enjoin the plaintiffs from extending their business hours beyond 7 a.m. to 11 p.m. The Saginaw Circuit Court, Gary R. McDonald, J., denied the plaintiffs' request for an injunction and ordered the plaintiffs to operate the store only between 7 a.m. and 11 p.m. The plaintiffs appeal, alleging that the township does not have the power to regulate the hours of operation of the store, which is being operated as a valid nonconforming use. *Held:*

The trial court's finding that the extension of operating hours constituted an expansion of the nonconforming use is consistent with the policy of the law which is against the extension or enlargement of nonconforming uses.

Affirmed.

1. ZONING—NONCONFORMING USE—EXPANSION OF USE.

The continuation of a nonconforming use must be substantially of the same size and same essential nature as the use existing at

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Zoning and Planning § 195 *et seq.*
Zoning: changes, repairs, or replacements in continuation of nonconforming use. 87 ALR2d 4.
[2] 5 Am Jur 2d, Appeal and Error §§ 703, 822.
[3] 82 Am Jur 2d, Zoning and Planning §§ 182, 260, 261.

the time of passage of a valid zoning ordinance; zoning regulations should be strictly construed with respect to expansion.

2. APPEAL AND ERROR—EQUITY—DE NOVO REVIEW.

The findings of a trial court in an equity case, although reviewed *de novo* by the Court of Appeals, will not be disturbed unless the Court of Appeals would have arrived at a different result had it been in the position of the trial court.

3. ZONING—NONCONFORMING USE—TOWNSHIPS—RESTRICTION OF BUSINESS HOURS.

A trial court did not err in finding that a township may lawfully restrict the operating hours of a grocery business which is operated as a nonconforming use in an area zoned residential.

*Albert C. Reinert,* for plaintiffs.

*Richard A. Mertz,* for defendant.

Before: D. E. HOLBROOK, P.J., and M. J. KELLY and P. J. MARUTIAK,\* JJ.

PER CURIAM. This is an appeal by right of the trial court's order limiting the operating hours of the plaintiffs' business establishment. In 1949, Stanley Klenk erected the building in question located in Carrollton Township, Saginaw County, Michigan. Mr. Klenk operated the building as a grocery store until 1959, and kept the hours of 8 a.m. to 10 p.m.

In 1959, Carrollton Township passed a zoning ordinance which placed the property in question in a residential zone. The property was allowed to operate as a nonconforming use and continues to be used as a grocery store until the present time.

In 1959, Mr. Klenk sold the grocery business (not the building itself), and the business was later resold. The various grocery store owners generally operated the business from 8 a.m. to 10 p.m.

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

In 1971, the plaintiff, Garb-Ko, Inc., agreed to lease the store for a 7-11 operation if the building was refurbished. Mr. Klenk secured a building permit from the township to refurbish the building and in 1971 leased the building to the plaintiff, Garb-Ko, for the operation of their 7-11 store. No conditions or restrictions as far as hours of operation were imposed by the township at the time of the issuance of the building permit for the refurbishing.

When the store first opened in 1971, its hours of operation were from 7 a.m. to 11 p.m. Shortly after its opening, the store hours were changed to 6 a.m. to 12 midnight and after a short time were again changed to 6 a.m. to 2 a.m.

On November 8, 1974, the township board advised the plaintiffs by mail that they must cut back their hours of operation to 7 a.m. to 11 p.m. On July 30, 1975, the plaintiffs commenced this action against the township, seeking to temporarily and permanently restrain the township from interfering with plaintiffs' hours of operation. The township filed a counterclaim against the plaintiffs, asking the court to temporarily and permanently restrain the plaintiffs from extending the hours of operation of the 7-11 store beyond 7 a.m. to 11 p.m.

Testimony was adduced at trial as to the traffic noise and disturbances at the 7-11 store after 11 p.m., and as to the plaintiffs' desire to operate the store on a 24-hour-a-day basis.

The trial court denied the plaintiffs' prayer for permanent injunction and ordered that the plaintiffs may not operate their 7-11 store beyond the hours of 7 a.m. to 11 p.m.

The plaintiffs appeal by right. The precise question on appeal is whether the extension of hours of

a grocery store operating as a nonconforming use constitutes an expansion of the nonconforming use which can be lawfully restricted by the defendant township.

Although this precise question has not heretofore been addressed, Michigan courts have, on various occasions, set forth the policy and purpose of the law relating to nonconforming uses.

In *Dearden v Detroit,* 70 Mich App 163, 169; 245 NW2d 700 (1976), this Court stated:

" '[I]t is the law of Michigan that the continuation of a nonconforming use must be substantially of the same size and same essential nature as the use existing at the time of passage of a valid zoning ordinance.' *White Lake Township v Lustig,* 10 Mich App 665, 674; 160 NW2d 353 (1968)."

In *Norton Shores v Carr,* 81 Mich App 715, 720; 265 NW2d 802 (1978), the Court stated:

"The policy of the law is against the extension or enlargement of nonconforming uses, and zoning regulations should be strictly construed with respect to expansion."

The trial court's finding that the extension of operating hours constituted an expansion of the nonconforming use is consistent with the aforementioned policy. While this Court reviews equity cases *de novo,* the findings of the trial court will not be disturbed unless this Court would have arrived at a different result had it been in the position of the trial court. *Biske v City of Troy,* 381 Mich 611; 166 NW2d 453 (1969). In view of the policy against the expansion of a nonconforming use, and the fact that the Michigan courts, in reviewing the question of expansion, have empha-

sized the scope and nature of the nonconforming use as existing at the time of the passage of a valid ordinance, it cannot be said that this Court would have reached a conclusion different from that of the trial court.

Affirmed.