MICHIGAN DISPOSAL, INC v AUGUSTA TOWNSHIP

Docket No. 78-1182. Submitted March 12, 1979, at Lansing.—Decided
    April 16, 1979.

Michigan Disposal, Inc., operates a sanitary landfill in Augusta
    Township, Washtenaw County, under a conditional use permit
    issued by the township. The township adopted an ordinance
    regulating the disposal of sludge, a product of water and
    sewage treatment facilities, and one day before this ordinance
    went into effect Michigan Disposal contracted with the Washte-
    naw County Board of Public Works to dispose of sludge dis-
    placed by a sewage plant expansion.

    Shortly thereafter the township planning commission and
township board of zoning appeals voted to terminate Michigan
Disposal's use permit. Michigan Disposal brought an action
against the township seeking injunctive relief and a declara-
tion relating to the validity of the sludge disposal ordinance.
The Washtenaw Circuit Court, Roy J. Daniel, J., dismissed
most of the plaintiff's requests, but held that while the town-
ship could regulate solid waste disposal, it could not prohibit
such activity once the state has licensed it in a properly zoned
area. Defendant township appeals. *Held:*

    A local governing body may refuse to issue a permit for a
sanitary landfill even though the site has been approved by the
state if the refusal is based upon factors not examined by the
state authorities. The township ordinance is invalid to the
extent that it allows the township to deny a permit based upon
factors previously determined by the state. In this case the
record does not indicate what factors were considered when the
state issued its license for use of the site. Therefore, the case is
remanded for a determination of those factors.

    Remanded.

HEALTH AND ENVIRONMENT — STATUTES — SANITARY LANDFILLS —
    POTENTIAL POLLUTION — LOCAL GOVERNMENT — ZONING —
    PERMITS.

    A local governing body may not use "potential pollution" as a

REFERENCE FOR POINTS IN HEADNOTES
[1] 61 Am Jur 2d, Pollution Control § 101.

reason for denying a permit to use a site for a sanitary landfill after the state has determined that no danger of pollution is posed by such use of the site; however, the local governing body may refuse to issue a permit based upon factors not examined by the state authorities (MCL 325.292; MSA 14.435[2]).

*O'Hagan & Conlin, P.C.,* for plaintiff.

*Calder, Kirkendall & Logeman, P.C.,* for defendant.

Before: CYNAR, P.J., and J. H. GILLIS and N. A. BAGULEY,* JJ.

J. H. GILLIS, J. Defendant, Augusta Township, appeals from an order of the Washtenaw County Circuit Court which, *inter alia,* declared that a township ordinance regulating the disposal of sludge is invalid to the extent that it allows the township to deny a permit for sludge disposal where plaintiff had complied with all other applicable ordinances, and where such disposal would otherwise be permitted by license of the Department of Natural Resources.

Since 1974, plaintiff has operated a sanitary landfill under a conditional use permit issued by the township. In May, 1977, the landfill became the proposed site for the disposal of 40,000 cubic yards of sludge to be displaced by expansion of the Ann Arbor municipal sewage treatment facility.

On January 8, 1978, the township board adopted an ordinance regulating the disposal of sludge, said ordinance to take effect on February 11, 1978. On the day before the ordinance was to take effect, plaintiff contracted with the Washtenaw County Board of Public Works to dispose of the sludge to be displaced by the sewage plant expansion.

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

On February 15, 1978, the township notified plaintiff of its intention to hold a hearing to determine whether there were grounds to terminate plaintiff's conditional use permit. Testimony was taken at a joint meeting of the township planning commission and the township zoning board of appeals. Findings of fact were issued and it was concluded that plaintiff had violated the conditions of its permit. At a meeting held February 27, 1978, the combined boards unanimously voted to terminate the permit.

Plaintiff commenced this action the next day, seeking injunctive relief. Plaintiff was subsequently allowed to amend its pleadings to request a declaratory judgment on the validity of the sludge ordinance.

The trial court dismissed most of plaintiff's requests for relief with one significant exception. The court held that while the township may regulate solid waste disposal within its boundaries, it could not prohibit such activity once the state has licensed it in a properly zoned area. It is from this portion of the judgment that defendant has appealed.

That portion of the township ordinance which the trial court found deficient provides:

"In determining whether or not to grant the license applied for, the township board shall consider the application, the reports of its professional advisors, the report of the planning commission, and the evidence presented at the public hearing. It shall also consider the determination of the people of the State of Michigan in the Constitution of 1963, Article IV, Sec. 52 that the conservation and development of the natural resources of the state are of paramount public concern in the interest of the health, safety and general welfare of the people. It shall grant the license only if it first determines that the proposed activities will not pollute,

impair or destroy significant natural resources, create hazards to the public health or safety, or result in public or private nuisance that is reasonably predictable."

It is defendant's contention that the ordinance under consideration is expressly authorized by § 2 of the garbage and refuse disposal act, which provides:

"No person shall dispose of any refuse at any place except a disposal area licensed as provided in this act. Nothing in this act nor any act of the commissioner's shall usurp the legal right of a local governing body from developing and enforcing local ordinances, codes, or rules and regulations on solid waste disposal equal to or more stringent that the provisions of this act, nor will this act relieve the applicant for license to operate a disposal area from obtaining a license from a local governing body when required or relieve the person owning or operating a disposal area from responsibility for securing proper zoning permits or complying with all applicable local ordinances, codes, or rules and regulations not in conflict with this act." MCL 325.292; MSA 14.435(2).

The foregoing provision has created some confusion over the extent to which a local governing body can prohibit a state-permitted use.

In *Waterford Processing & Reclaiming Co v Waterford Twp*, 25 Mich App 507; 181 NW2d 675 (1970), a local zoning ordinance required a person seeking to operate a landfill to obtain a permit. Such permit was to be granted only upon a determination by the township that the proposed operations would not be "injurious to the general public health, safety and welfare of the township and its citizens". *Id.* at 509. After the state had granted a permit, the township refused to issue one because

the planning commission believed there was a possibility that a nearby lake would be polluted. The action of the board was reversed by the circuit court and this Court affirmed that decision stating:

"Once the commissioner has approved a certain site and imposed operating conditions, the local governing body may impose any additional reasonable regulations designed to eliminate any forseeable health hazard. However, these local regulations may not *exclude* what the state has permitted. *Builders Association v Detroit,* 295 Mich 272; [294 NW 677] (1940). Since the operation of the Waterford Township zoning ordinance has an exclusionary effect in this case, that portion of the ordinance permitting *refusal* of a local license to a state licensee is void as applied." 25 Mich App at 511, 512.

The above-quoted material would seem to indicate that whenever the state has granted an applicant a permit to operate a landfill the local government is without authority to prohibit such use. However, subsequent case law indicates otherwise.

In *Haring Twp v Cadillac,* 35 Mich App 260; 192 NW2d 384 (1971), a township zoning ordinance prohibited the storage of garbage except by the township or its agents. The Department of Natural Resources gave the City of Cadillac permission to use state-owned land, located within the township, for landfill purposes. It also prohibited any use or occupancy of land without prior certification by the township, for landfill purposes. It also prohibited any use or occupancy of land without prior certification by the township building inspector. The lower court enjoined the City of Cadillac from using the land for dumping and the decision was affirmed by this Court with the simple statement that the "statute of the State of Michigan [MCL 325.292; MSA 14.435(2)] and the rules promulgated by the Department of Natural Resources mandate

compliance with local ordinances". 35 Mich App at 263.

The apparent conflict between *Haring* and *Waterford* was resolved in *Dettore v Brighton Twp*, 58 Mich App 652; 228 NW2d 508 (1975). The Court there noted that in *Waterford*, the land under consideration had already been zoned to permit its use as a sanitary landfill. In addition, the only reason the permit was denied was because the local commission believed there was a possibility of pollution. The *Dettore* Court stated that this "reason was obviously untenable" since the state license was granted only after it was determined that unlawful pollution would not be created. The Court subsequently set forth the following:

"In *Waterford*, the applicant had met zoning requirements and had complied in every respect with all applicable local regulations. Its request for a permit was denied by the local officials for a reason which was both unsupported by the facts and 'in conflict with this act'. MCL 325.292; MSA 14.435(2). *Waterford*, then, stands for the proposition that issuance of a state license pursuant to the garbage and refuse act prohibits the locality from denying a permit for reasons or under circumstances inconsistent with the express provisions of the act itself." *Dettore v Brighton Twp, supra*, at 658-659.

In *Jamens v Avon Twp*, 71 Mich App 70, 78; 246 NW2d 410 (1976),[1] the Court distilled the following two-fold rule from the above trilogy of cases:

"First, once the Department of Natural Resources pursuant to the garbage and refuse disposal act, MCL 325.291 *et seq.;* MSA 14.435(1) *et seq.*, has authorized a

---

[1] In *Jamens v Avon Twp (On Remand)*, 78 Mich App 289; 259 NW2d 349 (1977), the Court reversed its prior decision and held that the plaintiff had failed to satisfy the burden of proving that the zoning ordinance, which restricted a proposed landfill site to residential purposes, was unconstitutional.

particular location as a landfill and has prescribed operating procedures, townships may supplement the DNR requirements with '* * * any additional reasonable regulations designed to eliminate any foreseeable health hazard. However, these local regulations may not *exclude* what the state has permitted'. *Waterford, supra,* at 511. (Emphasis in original.) Second, DNR licensees may not disregard local government zoning."

We think this is a somewhat broad reading of *Dettore.* We read it to mean that once the state has determined that no danger of pollution is posed by the use of a site as a sanitary landfill, the local governing body may not use "potential pollution" as a reason for denying a permit. However, the local governing body may refuse to issue a permit based upon factors not examined by the state authorities.

In the instant case the township ordinance provides that a license shall be granted only if the board determines that the proposed activities "will not pollute, impair or destroy significant natural resources, create hazards to the public health or safety, or result in public or private nuisance". The record does not indicate exactly what factors were considered and resolved when the decision was made to issue a state license. Presumably the dangers of water contamination and pollution were considered. *Waterford, supra,* at 511. To the extent that the ordinance at issue allows the township to deny a permit based upon factors previously determined by state authorities it is invalid. However, since we are unable on the record before us to determine whether all of the factors to be examined under the ordinance have previously been resolved by the state authorities we remand the case for such a determination.

Remanded for proceedings consistent with this opinion. No costs, a public question being involved.